FILED

10 AUG -4  AM 11: 10

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1  Paula D. Pearlman (SBN 109038)
   Paula.Pearlman@lls.edu
2  Shawna L. Parks (SBN 208301)
   Shawna.Parks@lls.edu
3  Surisa E. Rivers (SBN 250868)
   Surisa.Rivers@lls.edu
4  DISABILITY RIGHTS LEGAL CENTER
   919 Albany Street
5  Los Angeles, California 90015
   Tel:  (213) 736-1031; Fax:  (213) 736-1428
6
7  Attorneys for Plaintiffs and the Proposed Class
   (Continued on next page)
8              UNITED STATES DISTRICT COURT
9          FOR THE CENTRAL DISTRICT OF CALIFORNIA
10
11  MARK WILLITS, JUDY GRIFFIN,        Case No.: **CV10  5782 - R (RCx)**
    BRENT PILGREEN, and
12  COMMUNITIES ACTIVELY
    LIVING INDEPENDENT AND FREE        CLASS ACTION
13  ("CALIF"), on behalf of themselves
    and all others similarly situated,
14                                     COMPLAINT FOR VIOLATIONS OF:
                   Plaintiffs,
15                                     1.   **Americans with Disabilities Act**
        vs.                                 **(42 U.S.C. § 12131** *et seq.***)**
16
    CITY OF LOS ANGELES, a public      2.   **Section 504 of the Rehabilitation Act**
17  entity; ANTONIO VILLARAIGOSA,           **of 1973 (29 U.S.C. § 794** *et seq.***)**
    in his official capacity as Mayor; ERIC
18  GARCETTI, in his official capacity as   3.   **California Government Code Section**
    President of the Los Angeles City           **11135,** *et seq.*
19  Council; ED REYES, PAUL
    KREKORIAN, DENNIS P. ZINE,         4.   **Unruh Civil Rights Act (Cal. Civil**
20  TOM LABONGE, PAUL KORETZ,               **Code §51,** *et seq.***)**
    TONY CARDENAS, RICHARD
21  ALARCON, BERNARD PARKS,            5.   **California Government Code § 4450,**
    JAN PERRY, HERB J. WESSON, JR.,        *et seq.*
22  BILL ROSENDAHL, GREIG SMITH,
    JOSE HUIZAR, AND JANICE            6.   **California Disabled Persons Act (Cal.**
23  HAHN, in their official capacities as   **Civil Code § 54)**
    members of the Los Angeles City
24  Council,
25                 Defendants.
26
27
28
                                   - 1 -
                         **CLASS ACTION COMPLAINT**

Guy B. Wallace (SBN 176151)
gwallace@schneiderwallace.com
Mark T. Johnson (SBN 076904)
mjohnson@schneiderwallace.com
Andrew P. Lee (SBN 245903)
alee@schneiderwallace.com
SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel. (415) 421-7100; Fax:  415-421-7105

CLASS ACTION COMPLAINT

**JURISDICTION AND VENUE**

1.     The first two claims alleged herein arise under the Americans with Disabilities Act (42 U.S.C. §§ 12131 et seq.) ("ADA"), and Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §794 et seq.) ("Section 504"), such that the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.  Through the same actions and omissions that form the basis of Plaintiffs' federal claims, Defendants have also violated Plaintiffs' rights under state law, over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  This Court has jurisdiction over Plaintiffs' claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 65 of the Federal Rules of Civil Procedure.

2.     Venue over Plaintiffs' claims is proper in the Central District of California because Defendants reside in the Central District of California within the meaning of 28 U.S.C. § 1391, and because the events, acts, and omissions giving rise to Plaintiffs' claims occurred in the Central District of California.

**INTRODUCTION**

3.     This lawsuit is brought against the City of Los Angeles ("the City"), the Mayor, and City Council Members in their official capacities (collectively, "Defendants") to redress the Defendants' systemic and pervasive discrimination against Plaintiffs and similarly situated individuals with mobility disabilities through the denial of meaningful access to the City's curb ramps, sidewalks, crosswalks, pedestrian crossings and other walkways (hereafter "pedestrian rights of way").  Plaintiffs include a membership organization dedicated to providing services and advocacy by and for persons with disabilities in the City and three residents of the City with mobility disabilities, as well as those similarly situated.

4.     The City's pedestrian rights of way, when viewed in their entirety, are not readily accessible to and usable by persons with mobility disabilities due to the pervasive existence of numerous architectural and other physical access barriers along the path of travel. The City has constructed, caused and/or failed to eliminate these barriers.  As a

**CLASS ACTION COMPLAINT**

result, Plaintiffs and other persons with mobility disabilities must choose between remaining segregated from significant amounts of daily activities -- including visiting public facilities, places of public accommodation, or friends -- and thereby remaining safe, or risking injury or death by traveling on or around inaccessible pedestrian rights of way.  The lack of access to the City's system of pedestrian rights of way deprives people with mobility disabilities of their independence, and essentially relegates them to second-class citizen status.

5.    The discrimination and denial of meaningful access to the City's pedestrian rights of way for persons with mobility disabilities complained of herein is the direct result of Defendants' policies and practices with regard to the City's pedestrian walkways and disability access, including, but not limited to the following:

a.  The failure to install curb ramps at intersections in the City that are necessary to provide meaningful access to the pedestrian rights of way;

b.  The failure to develop and implement a process for identifying intersections and corners throughout the City at which curb ramps are necessary to provide meaningful access to the pedestrian rights of way;

c.  The failure to install accessible curb ramps at locations where no curb ramps exist, or where inaccessible curb ramps exist, within the time required by applicable state and federal disability access laws or on any other reasonable schedule;

d.  The failure to install accessible curb ramps within the time permitted by statute or within any other reasonable time frame, after receiving a request to do so or otherwise being notified of the need for a curb at a particular location;

e.  With respect to intersections on streets that are resurfaced or otherwise altered or newly constructed, the failure to install accessible curb ramps at those intersections;

f.  With respect to newly constructed curb ramps, the failure to adopt and utilize

or require and enforce the utilization of a design standard that complies with acceptable federal design guidelines and/or applicable state building code standard.

g.  The failure to ensure the repair or elimination of mid-block barriers to access on City sidewalks and other pedestrian walkways in the form of broken, cracked, crumbled, steep, sunken, uneven or otherwise inaccessible surfaces, as well as obstacles placed in the path of travel, such as bus stop benches or light poles, when necessary to provide meaningful access to the pedestrian rights of way.

h.  The failure to adopt or implement any adequate procedure for inspecting, repairing and maintaining the pedestrian rights of way from barriers to access;

i.  With respect to intersections on streets that are resurfaced or otherwise altered or newly constructed, the failure to repair or eliminate mid-block barriers to access on City sidewalks and other pedestrian rights of way.

j.  The failure to adopt, implement or enforce ordinances or other requirements necessary to ensure that pedestrian rights of way are kept free cf temporary or permanent obstructions resulting in barriers to access, such as the enforcement of California Vehicle Code § 22500(f) and Los Angeles Municipal Code § 80.53, prohibiting what is known as apron parking (vehicles parking in driveways so they protrude onto the pedestrian rights of way and leave insufficient space for persons with mobility aids to pass through).

6.     These policies and practices, or lack thereof, have resulted in discrimination against persons with disabilities in the form of denial of access to the City's pedestrian rights of way that manifests in common ways throughout the City.  Nearly half of the City's thousands of miles of pedestrian rights of way are in need of repair and are not accessible to persons with mobility disabilities.  The City's current expenditures on this

problem will not address all of the current inaccessible and broken pedestrian rights of way for more than 80 years. Moreover, this estimate does not even include stretches of accessible pedestrian rights of way that will become damaged or worn during the intervening years.

7.     In addition, the City fails to provide curb ramps at all required locations and the installation of curb ramps has been shrinking. Notably, the City's purported installation of curb ramps has been reduced from 7,205 in 1999-2000 to only 570 in 2006-2007. Continuing its policy to make the public sidewalk system more accessible "as-needed" and based on complaints filed by "concerned constituents,"[1] the City estimated it would install a meager 916 curb ramps per year between 2007 and 2009. Without curb ramps, Plaintiffs cannot access the City's pedestrian rights of way or their intended destinations at all or at least without significant difficulty, delay, or danger. Finally, Plaintiffs are informed and believe, and on that basis allege, that Defendants have no plan to maintain curb ramps or accessible sidewalks once they are built.

8.     As a result of the above, the City's pedestrian rights of way, when viewed in their entirety, are characterized by numerous physical access barriers, including but not limited to the following:

  a.     Unsafe, noncomplying (slopes too steep, hazardous cross-slopes, high curb ramp lips), or missing of curb ramps;

  b.     Broken pedestrian rights of way that are cracked, crumbled, steep, sunken, or uneven or that have improper slopes or broken and inaccessible surfaces;

  c.     Physical obstacles on the sidewalk between intersections, such as improperly placed signs, poles, or bus stop benches; and

  d.     Apron parking (vehicles parking in driveways so they protrude onto the pedestrian rights of way and leave insufficient space for persons with mobility aids to

---

[1] See Americans with Disabilities Act (ADA) Revised Transition Plan, City of Los Angeles, Revised September, 2000, p. 3-26, attached herein as Exhibit A.

1  pass through).

2  9.    Accessibility of pedestrian rights of way goes to the heart of the purpose of the

3  Americans with Disabilities Act ("ADA") and other disability rights laws, including

4  integration and accessibility.  Defendants provide and are responsible for maintaining

5  these public pedestrian rights of way, which constitute an essential government program,

6  service, and activity for residents and visitors alike.  Yet, when viewed in their entirety,

7  this system of pedestrian rights of way is not accessible to persons with mobility

8  disabilities in violation of multiple federal and state disability rights laws.  This lawsuit

9  seeks to force Defendants to comply with these laws and finally, some 20 years after the

10  enactment of the ADA and many more years after enactment of California's disability

11  rights protections, provide access to City pedestrian rights of way for all Californians.

12  10.    Plaintiffs thus bring this action to remedy violations of Title II of the ADA, 42

13  U.S.C. § 12131, et seq., and its accompanying regulations, Section 504 of the

14  Rehabilitation Act, 29 U.S.C. § 794, et seq. (the "Rehabilitation Act") and its

15  accompanying regulations, as well as analogous state statutes including California

16  Government Code § 11135, California Civil Code § 51, et seq., California Civil Code §

17  54, et seq. and California Government Code §4450.  Plaintiffs seek declaratory and

18  injunctive relief pursuant to the above statutes, as well as an award of attorneys' fees and

19  costs under applicable law.  Named Plaintiffs Willits, Griffin and Pilgreen also seek

20  damages.

21  **PARTIES**

22  11.    Organizational Plaintiff Communities Actively Living Independent and Free

23  ("CALIF") is an independent living center: a private, non-profit community-based

24  corporation providing services and advocacy by and for persons with disabilities in the

25  City, including individuals who have been discriminated against and subjected to

26  hazardous conditions due to the access barriers at issue in the present case.  CALIF seeks

27  to achieve full inclusion, equality, and civil rights for people with disabilities.

28  Accordingly, the interests that CALIF seeks to protect through this litigation are germane

1   to its mission and purpose.  Furthermore, CALIF's members include persons with

2   mobility disabilities that have been harmed and continue to experience harm because the

3   City has failed and continues to fail to provide access to its system of pedestrian rights of

4   way and/or CALIF has suffered injury as a result of the City's inaccessible pedestrian

5   rights of way.  Because CALIF seeks only injunctive relief, individual participation of

6   CALIF members is not required.

7        12.    Named Plaintiff Mark Willits is a resident of the Woodland Hills who is

8   quadriplegic and uses a motorized wheelchair for mobility.  Plaintiff Willits is a

9   "qualified person with a disability" and a person with "a disability" within the meaning of

10   all applicable statutes and regulations including 42 U.S.C. § 12131(2), 28 C.F.R. §

11   35.104, 29 U.S.C. § 705(20)(B), and California Government Code § 12926.

12        13.    Named Plaintiff Judy Griffin is a resident of the Westwood neighborhood of Los

13   Angeles with muscular dystrophy who uses a motorized wheelchair for mobility.

14   Plaintiff Griffin is a "qualified person with a disability" and a person with "a disability"

15   within the meaning of all applicable statutes and regulations including 42 U.S.C. §

16   12131(2), 28 C.F.R. § 35.104, 29 U.S.C. § 705(20)(B), and California Government

17   § 12926.

18        14.    Named Plaintiff Brent Pilgreen is a resident in Sherman Oaks who is

19   quadriplegic and uses a motorized wheelchair for mobility.  Plaintiff Pilgreen is a

20   "qualified person with a disability" and a person with "a disability" within the meaning of

21   all applicable statutes and regulations including 42 U.S.C. § 12131(2), 28 C.F.R. §

22   35.104, 29 U.S.C. § 705(20)(B), and California Government Code § 12926.

23        15.    The Plaintiff class consists of all persons with mobility disabilities who have

24   been denied access to pedestrian rights of way in the City as a result of Defendants'

25   policies and practices with regard to the City's pedestrian walkways and disability access.

26        16.    Hereafter, references to Plaintiffs shall be deemed to include the named

27   Plaintiffs and each member of the class, unless otherwise indicated.

28        17.    Presently, and at all times relevant to this complaint, Defendant City of Los

Angeles has been a public entity within the meaning of Title II of the ADA and have received federal financial assistance within the meaning of the Rehabilitation Act, and state financial assistance within the meaning of Government Code Section 11135. The City of the Los Angeles has received federal and state financial assistance sufficient to invoke the coverage of Section 504 and California Government Code Section 11135.

18.   The City is a local government entity with the responsibility of providing Plaintiffs with access to its public facilities, programs, services, and activities. The City is responsible for constructing, maintaining, repairing, and regulating the system of pedestrian rights of way within the City.

19.   Antonio Villaraigosa is the Mayor of the City (hereinafter the "Mayor"); Eric Garcetti is the President of the City Council; Ed Reyes, Paul Krekorian, Dennis P. Zine, Tom LaBonge, Paul Koretz, Tony Cardenas, Richard Alarcón, Bernard Parks, Jan Perry, Herb J. Wesson, Jr., Bill Rosendahl, Greig Smith, José Huizar, and Janice Hahn are members of the Los Angeles City Council (hereinafter the "City Council"). The Mayor and the City Council are each, in their official capacity, legally responsible for ensuring compliance with federal and state law by the City.

20.   Plaintiffs are informed and believe and thereon allege that each defendant was the agent and employee of every other defendant and was at all times acting within the scope of such agency.

21.   The City, the Mayor and the City Council members will be collectively referred to as "Defendants."

22.   Hereafter, references to Defendants shall be deemed to include all named Defendants, unless otherwise indicated.

## FACTS APPLICABLE TO ALL CLAIMS

23. Defendants have systematically failed, and are failing, to install and maintain accessible pedestrian rights of away in violation of federal and state law. As a result of Defendants' policies and practices with regard to the City's pedestrian walkways and disability access, the pedestrian rights of way are characterized by pervasive disability

access problems, which include but are not limited to the following examples:

    a. Unsafe, noncomplying (slopes too steep, hazardous cross-slopes, high curb ramp lips), or missing curb ramps;

    b. Broken pedestrian rights of way that are cracked, crumbled, steep, sunken, or uneven or that have improper slopes or broken and inaccessible surfaces;

    c. Physical obstacles on the sidewalk between intersections, such as improperly placed signs or bus stop benches; and

    d. Apron parking (vehicles parking in driveways so they protrude onto the pedestrian rights of way and leave insufficient space for persons with mobility aids to pass through).

24. Many pedestrian rights of way have buckled due to tree roots, resulting in abrupt changes in level. Others have obstacles such as light poles, newspaper stands, and bus benches narrowing the path of travel. Many pedestrian rights of way are overdue for maintenance, with broken, cracked, crumbled, sunken, and/or caved concrete. Defendants have also failed to provide accessible alternative routes during construction.

25. Apron parking is prohibited by California Vehicle Code § 22500 and Los Angeles Municipal Code § 80.53. However, Defendants through their local parking enforcement officers do not ticket violators who park on aprons or otherwise effectively enforce these prohibitions. As a result, in certain parts of the City, cars frequently are parked such that they block the path of travel along pedestrian rights of way. This results in obstacles along pedestrian rights of way that make the path of travel too narrow for pedestrians with mobility disabilities.

26. Defendants have also failed, and are failing, to install and maintain curb ramps in violation of federal and state law. For example, thousands of intersections in the City have no curb ramps or an inadequate number of curb ramps. Even among the intersections that do have curb ramps, many of them have curb ramps that are improperly installed and/or maintained, have lips where the sidewalk meets the street that are too steep to use, or are otherwise noncomplying (slopes too steep or hazardous cross-slopes).

1  Many other curb ramps are not maintained; they are broken, cracked, crumbled, sunken,
2  and/or caved.

3      27. Additionally, as a result of Defendants' policies and practices with regard to the
4  City's pedestrian walkways and disability access, large segments of the City's pedestrian
5  rights of way do not comply with new construction or alteration accessibility
6  requirements.  For example, on information and belief, the City fails to install curb ramps
7  consistently when it repaves streets.  As a result, persons with mobility disabilities have
8  been denied meaningful access to the City's pedestrian rights of way, public buildings,
9  parks, transportation, and/or places of public accommodation either through complete
10  denials of access or through delay of travel or unsafe conditions.

11     28. These systemic failures have caused the City's pedestrian rights of way to be
12  inaccessible when viewed in their entirety in violation of state and federal law.

13     29. Plaintiffs allege that these barriers are not isolated or limited circumstances.
14  Rather, these barriers are present throughout the City, thus denying access to persons with
15  disabilities City-wide. Persons with mobility disabilities encounter numerous obstacles to
16  using pedestrian rights of way throughout the City, including but not limited to the
17  Downtown, Venice, Eagle Rock, Los Feliz, Silver Lake, Echo Park, the Valley,
18  Hollywood, Westside and LAX neighborhoods.  As a result of these barriers, persons
19  with disabilities have been denied access to accommodations or public services.
20  Furthermore, these barriers discourage persons with mobility disabilities from exploring
21  or visiting areas of the City. These barriers have also delayed travel and caused these
22  persons to fear for their safety, as these conditions often create situations that are
23  downright dangerous for persons with disabilities.

24     30. This discrimination and systemic inaccessibility has a severe negative impact on
25  persons with mobility disabilities within the City as represented by the experiences of the
26  named Plaintiffs.

27     31. Plaintiff CALIF has suffered injuries as a result of the City's inaccessible
28  pedestrian rights of way and/or members who reside and/or work throughout the City and

who have used, and will continue to use or attempt to use, the City's system of pedestrian rights of way and who have encountered, and will continue to encounter the various types of access barriers described herein.

32. The experience of Named Plaintiffs Willits, Griffin and Pilgreen are further representative of the nature of barriers experienced by persons with disabilities in the City.

33. Due to his mobility disability, Named Plaintiff Mark Willits uses a motorized wheelchair. He lives near the intersection of San Feliciano Drive and W. Mulholland Drive in Woodland Hills. He has encountered numerous obstacles to using the sidewalks in his neighborhood and throughout the City. This includes, but is not limited to, those described below.

34. Plaintiff Willits is deterred from traveling in his neighborhood because of hundreds of missing curb ramps. For example, there are missing curb ramps at 15 separate intersections along San Feliciano Drive, between Mulholland Drive and De La Guerra Street, stretching approximately 1.2 miles. In addition, there are missing curb ramps at 10 separate intersections along Don Pio Drive, between Martinez Street and Pampas Road, stretching approximately 1 mile.

35. Plaintiff Willits has encountered various permanent obstructions on Don Pio Drive such as signposts, streetlamps, and power poles, which make the sidewalk completely impassable in many places. There are no curb ramps for half a mile at each intersection along Canoga Drive between Argentine Drive and Ensenada Drive; or the intersection of Canoga Avenue and Mulholland Drive. Likewise curb ramps are missing at the following locations in Plaintiff Willits neighborhood: along Santa Lucia Drive where it intersects De La Luz Avenue, Cardenas Avenue, Galendo Street, and Canoga Drive; along Margarita Drive where it intersects Cass Avenue, Blackfriar Road, Stark Avenue, and Aida Place; along the Mulholland Drive frontage road where it intersects Greer Road, Leydon Avenue, Willens Avenue, Brookfield Avenue, Coloma Avenue, and Manson Avenue (rendering bus stops along this road inaccessible to Plaintiff Willits).

36. Similarly, Plaintiff Willits is unable to access other areas of his neighborhood because of missing curb ramps at the following intersections: Cerrillos Drive and Algunas Road; Cerrillos Drive and Quinta Road; Ybarra Road and Coyle Place;  Llano Drive and Ninfa Court; Llano Drive and Buena Ventura Street; numerous intersections surrounding Woodland Hills Elementary School (including San Miguel Street and Ninfa Court, De La Osa Street and Clavel Court); Avenida Morelos and Conejo Avenue; Avenida Morelos and Independencia Street.

37. The problems that Plaintiff Willits experiences are not limited to his neighborhood. Plaintiff Willits often runs errands and/or shops around the Beverly Center.  However, he is unable to access the sidewalks in that area because of damaged, buckled and cracked sidewalks. For example, Plaintiff Willits is deterred from traveling along Blackburn Avenue between South Orlando Avenue and South Edinburgh Avenue because of uplifted sidewalks.

38. Similarly, Plaintiff Willits must go downtown for errands and is often forced to travel in the street along with traffic because of the absence of curb ramps. For example Plaintiff Willits must travel in his wheelchair in the street along with traffic on 6th Street where it turns into 5th Street. The street there becomes an overpass over the 110 freeway and there are no curb ramps on the sidewalks on either side of the overpass. He is also deterred from using the sidewalk on 6th Street between Bixel and Beaudry because of uplifted, cracked sidewalks.

39. As a result of the foregoing, Plaintiff Willits has been and continues to be deprived of his independence while experiencing segregation from his neighborhood and other parts of his community. He is unable to visit public facilities, places of public accommodations or friends in order to remain safe from the serious risks associated with the inaccessible pedestrian rights of way in the City. He is also forced to risk his safety by traveling in the street while avoiding these obstacles.

40. Due to her mobility disability, Named Plaintiff Judy Griffin uses a motorized wheelchair.  Plaintiff Griffin lives in residential section of Westwood Village.  She has

encountered numerous obstacles to using pedestrian rights of way in her neighborhood and throughout the City. This includes, but is not limited to, those described below.

41. Plaintiff Griffin is a homemaker and run errands and shops for her family. She also has ongoing medical appointments, requiring her to travel downtown. Plaintiff Griffin uses public transportation to travel throughout the City on her errands and to visit her doctors. Because of multiple barriers she encounters, however, Plaintiff Griffin must face serious risks each day she travels around the City. Moreover, the bus stops she encounters are located adjacent to sidewalks that are blocked by poles, bushes or other obstacles. These areas include, but are not limited to, sidewalks adjacent to bus stops along San Vicente Boulevard between Bundy Drive and Barrington Avenue and along Olympic Boulevard between Westwood Boulevard and Century Park East. As a result, Plaintiff Griffin often must wait in an area away from the bus stop, causing buses to frequently pass her because she is unable to wait at the designated stop. In fact, Plaintiff Griffin must be dropped off in the street with oncoming traffic when she takes certain buses because the sidewalk adjacent to the bus stop is blocked by poles or bushes.

42. Plaintiff Griffin must frequently travel to 1500 San Pablo and 1640 Marengo at USC Medical Center for medical appointments. In this area of the City, she encounters inaccessible sidewalks caused by the absence of curb ramps and poorly maintained curb ramps and sidewalks. These areas include barriers such as large cracks, lifted sidewalks, and poles. For example, the curb ramps at the intersection of Marengo Street and Mission Road, which she must cross to get to the bus stop, are difficult to traverse because of their poor condition. In addition, the sidewalk on the east side of Marengo is inaccessible because there are no curb ramps. Likewise, the sidewalk on the west side of Marengo is unsafe to travel due to the uplifted sidewalk in front of the USC Medical Center.

43. Plaintiff Griffin travels to downtown Los Angeles where she transfers to a bus to USC Medical Center. Specifically, Plaintiff Griffin travels along Cesar E. Chavez Avenue between Main Street and Broadway where she encounters uprooted sidewalks that are inaccessible. For example, the sidewalk on the south side of Cesar Chavez where

1   N. Spring intersects is impassable due to a severely uprooted and cracked sidewalk. The

2   northwest corner of Main and Cesar Chavez has no curb ramp. Therefore, Plaintiff

3   Griffin must access the sidewalk by entering one of two driveways entering a Chevron

4   gas station and risk being hit by vehicles entering and exiting the gas station. Similarly, in

5   crossing over Main Street on Cesar Chavez from the northwest corner to the southwest

6   corner, Plaintiff Griffin must travel outside of the crosswalk into a lane of traffic to access

7   the curb ramp and sidewalk. In addition, Plaintiff Griffin is unable to access any of the

8   restaurants on the southwest corner of Broadway and Cesar Chavez because of a missing

9   curb cut.

10   44. Plaintiff Griffin also is unable to travel in her neighborhood near the intersection of

11   Eastborne Avenue and Pandora Avenue because the west side of Pandora does not have a

12   curb cut and there is an alleyway on Pandora between Eastborne Avenue and Santa

13   Monica Boulevard without curb ramps. As a result, Plaintiff Griffin must go into the

14   street and enter a dangerously uneven driveway to access the sidewalk. Several stretches

15   of sidewalks feature cracks, significant holes, breaks, and bumps.

16   45. Plaintiff Griffin, who is an artist, frequently shops at Blick Art Materials on the

17   corner of Santa Monica Boulevard and Colby Avenue.  In doing so, she must cross over

18   Santa Monica Boulevard by traveling on the street along vehicular traffic to access curb

19   ramps at the intersections. This is due to the placement of pedestrian crosswalks that

20   intersect with the north sidewalk on Santa Monica Boulevard where there are no curb

21   ramps.  Furthermore, it is unsafe for Plaintiff Griffin to travel outside of the crosswalks in

22   this area, which experiences fast and heavy traffic flow.  Plaintiff Griffin faces a similar

23   risk when she attempts to shop at Vicente Foods located on San Vicente and S. Bundy

24   Drive. When crossing on Bundy towards the grocery store, Plaintiff Griffin is unable to

25   access the sidewalk from the crosswalk with the curb ramp blocked by two steel poles,

26   but instead must enter through a driveway along traffic and risk being struck by a vehicle.

27   46. Similarly, poorly maintained curb ramps create an obstacle for Plaintiff Griffin,

28   causing her to face serious risks every day.  For instance, often she crosses at the

intersection of Santa Monica Boulevard and Sawtelle where the curb ramps and gutters are bumpy and difficult to cross over. As a result, Plaintiff Griffin often needs to back up to make a second attempt to get over the curb ramp. On one occasion an automobile that was waiting to make a right hand turn started to go forward as Plaintiff Griffin was backing up and came inches from hitting her. In addition, Plaintiff Griffin risks having her wheelchair topple over or become stuck if she travels over these curb ramps.

47. Apron parking is widespread in Plaintiff Griffin's neighborhood. Although apron parking is illegal, local parking enforcement officers do not ticket violators who park on aprons and block the sidewalks, even though they do ticket vehicles parked parallel to the curb in violation of parking signs. Plaintiff Griffin has consistently experienced apron parking on a number of sidewalks along Eastborne Avenue and intersecting streets where there is limited, permit parking. The narrow spaces between the vehicles on the sidewalk prevent Plaintiff Griffin from traveling along the sidewalk. As a result, Plaintiff Griffin often must travel on the street to reach her destination, literally risking her life.

48. As a result of the foregoing, Plaintiff Griffin has been and continues to be deprived of her independence while experiencing segregation from her neighborhood and other parts of her community. She often decides to not visit public facilities, places of public accommodations or friends in order to remain safe from the serious risks associated with the inaccessible pedestrian rights of way in the City.

49. Due to his mobility disability, Named Plaintiff Brent Pilgreen uses a motorized wheelchair. Plaintiff Pilgreen lives at the intersection of Martha Street and Noble Avenue in Sherman Oaks, California. He has encountered numerous obstacles to using pedestrian rights of way in his neighborhood and throughout the City. This includes, but is not limited to, those described below.

50. Plaintiff Pilgreen is deterred from traveling on sidewalks near restaurants and stores in his neighborhood and in other areas of the City because of uplifted, cracked sidewalks and permanent obstructions blocking sidewalks. For example, Plaintiff Pilgreen is deterred from traveling along either sidewalk on Sepulveda Boulevard

between Burbank Boulevard and Albers Street because of the placement of poles, bus stop benches, or fire hydrants blocking the sidewalk, severely cracked sidewalks and hazardous cross-slopes. Plaintiff Pilgreen will no longer travel along Sepulveda Boulevard because of the risks he must face, including balancing his wheelchair along the top rim of sidewalks crossing over steep driveways while hoping not to fall. As a result, Plaintiff is deterred from numerous activities, including shopping (at his local Target store) and dining at local restaurants.

51.   Plaintiff Pilgreen frequently eats at Tommy's Burgers on Victory Boulevard and Vesper Avenue. The sidewalks surrounding Tommy's are uplifted by tree roots and inaccessible to Plaintiff Pilgreen, which deters him from visiting any other businesses in the area, including the 7-Eleven next door.  Plaintiff Pilgreen is unable to access the sidewalk on Hatteras Street near Victory Boulevard, which is adjacent to a FedEx Kinkos because the sidewalk is broken and drops approximately six inches. Plaintiff Pilgreen also is deterred from traveling on the sidewalks on both Lemona Street and Kester Avenue running between Hatteras and Califa Street because of buckling, cracked and lifted sidewalks.

52.  As a result of barriers he has encountered, Plaintiff Pilgreen must be driven to the location he wants to visit in his neighborhood or surrounding areas.  Each trip he is required to take in a vehicle causes him extreme exhaustion and requires at least a day to physically recover.  Consequently, Plaintiff Pilgreen often avoids leaving his home and is deprived of his independence and is segregated from his neighborhood and other parts of his community. Moreover, he is unable to visit public facilities, places of public accommodations or friends in order to remain safe from the serious risks associated with the inaccessible pedestrian rights of way in the City.

53.  These experiences are typical of those experienced by persons with mobility disabilities in the City and demonstrate the inaccessibility, fear, humiliation, and isolation that people with mobility disabilities experience while trying to navigate the system of pedestrian rights of way in the City.  Defendants have been put on notice of allegations of

1  class-wide violations of federal and state laws regarding people with mobility disabilities

2  for tort claims filed by Plaintiffs Griffin, Willits and Pilgreen and multiple complaints by

3  persons with mobility disabilities about the City's pedestrian rights of way.  There is no

4  adequate remedy at law and Plaintiffs have been irreparably harmed.

5      54. Plaintiffs therefore seek injunctive and declaratory relief requiring Defendants to

6  ensure compliance with Title II of the ADA and its accompanying regulations, Section

7  504 of the Rehabilitation Act and its accompanying regulations, California Government

8  Code § 11135, *et seq.*, California Civil Code § 51, *et seq.*, California Civil Code § 54, *et*

9  *seq.* and California Government Code § 4450.  Named Plaintiffs also request damages

10  under all applicable statutes.

## CLASS ACTION ALLEGATIONS

12      55.    The organizational plaintiff CALIF and named Plaintiffs bring this action

13  individually, and on behalf of all persons with mobility disabilities who have been denied

14  access to pedestrian rights of way in the City because of their disabilities as a class action

15  under Rule 23 of the Federal Rule of Civil Procedure.

16      56. Each member of the proposed class is a "qualified person with a disability" and/or

17  a person with a "disability" pursuant to 42 U.S.C. § 12131(2), Section 504 of the

18  Rehabilitation Act, and/or applicable California law.  The persons in the class are so

19  numerous that the joinder of all such persons is impracticable and that the disposition of

20  their claims in a class action rather than in individual actions will benefit the parties and

21  the court.  The class consists of tens of thousands of persons with mobility disabilities.

22      57.    Plaintiffs and the class they represent are informed, believe, and thereon allege

23  that Defendants have failed and continue to fail to comply with the ADA and with the

24  Rehabilitation Act and analogous state statutes in its implementation of the City's policies

25  and practices with regard to the City's pedestrian walkways and disability access.

26      58. Plaintiffs and the class they represent are informed, believe, and thereon allege that

27  Defendants have not adopted and do not enforce appropriate policies and procedures to

28  ensure that Defendants are in compliance with these statutes to ensure nondiscrimination

against persons with disabilities and equal access to programs, services and activities for persons with disabilities.

59. The violations of the ADA, the Rehabilitation Act and related federal and California State statues set forth in detail have injured all members of the proposed class and violated their rights.

60. Defendants acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or declaratory relief with respect to the class as a whole. Class claims are brought for the purposes of obtaining declaratory and injunctive relief only.

61. The claims of Named Plaintiffs are typical of those of the class in that they arise from the same course of conduct engaged in by Defendants. The relief sought herein will benefit all class members alike.

62. Named Plaintiffs will fairly and adequately represent the interests of the class. They have no interests adverse to the interests of other members of the class and have retained counsel who are competent and experienced in litigating complex class actions, including large-scale disability rights class action cases.

63. The requirements of Rule 23 of the Federal Rules of Civil Procedure are met with regard to the proposed class in that:

    a. The class is so numerous that it would be impractical to bring all class members before the Court;

    b. There are questions of law and fact which are common to the class;

    c. The named Plaintiffs' claims for declaratory and injunctive relief are typical of the claims of the class;

    d. The named Plaintiffs will fairly and adequately represent common class interests and are represented by counsel who are extremely experienced in law reform class actions and the disability rights issues in this case;

    e. Defendants have acted or refused to act on grounds generally applicable to the class; and

f.  The questions of law and fact which are common to the class predominate over individual questions.

64.  The common questions of law and fact, shared by the named Plaintiffs and all class members, include:

a.  Whether Defendants are violating Title II of the ADA, 42 U.S.C. sections 12131, *et seq.*, by failing to make their programs, services and activities accessible to and useable by persons with disabilities, and otherwise discriminating against persons with disabilities, as set forth above;

b.  Whether Defendants are violating Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*, by failing to make their programs, services and activities accessible to and useable by persons with disabilities, and otherwise discriminating against people with disabilities, as set forth above.

c.  Whether Defendants are violating California Government Code Section 11135 (a), which prohibits denial of benefits to persons with disabilities of any program or activity that is funded directly by the state or receives any financial assistance from the state.

d.  Whether Defendants are violating California Civil Code §51 *et seq.*, by failing to provide full and equal access to people with disabilities.

e.  Whether Defendants are violating California Civil Code §54 *et seq.*, by failing to provide full and equal access to persons with disabilities.

f.  Whether Defendants are violating California Government Code §4450, *et seq.*, by failing to provide full and equal access to persons with disabilities.

65.  Plaintiffs contemplate the eventual issuance of notice to the proposed class members that would set forth the subject and nature of the instant action. To the extent that any further notices may be required, Plaintiffs contemplate the use of additional media and/or mailings.

///

///

# FIRST CAUSE OF ACTION

## The Americans with Disabilities Act

## (Against All Defendants)

## 42 U.S.C. § 12101 *et seq.*

66. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

67. Congress enacted the ADA upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problem." 42 U.S.C. § 12101(a) (2).

68. In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b) (1)-(2).

69. Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

70. At all times relevant to this action, the City is a "public entity" within the meaning of Title II of the ADA and provides a program, service or activity to the general public.

71. At all times relevant to this action, Plaintiffs are qualified individuals with disabilities within the meaning of Title II of the ADA and met the essential eligibility requirements for the receipt of the services, programs, or activities of the City. 42 U.S.C. § 12131.

72. Defendants are mandated to operate each program, service, or activity "so that, when viewed in its entirety, it is readily accessible to and useable by individuals with disabilities." 28 C.F.R. § 35.150; *see also* 28 C.F.R. §§ 35.149 & 35.151. Pedestrian rights of way

themselves constitute a vital public program, service, or activity under Title II of the ADA. 28 C.F.R. § 35.104; *Barden v. City of Sacramento*, 292 F.3d 1073 (2002).

73. The regulations implementing Title II of the ADA specifically provide that a public entity must install curb ramps at intersections whenever it newly constructs or alters sidewalks, streets, roads and/or highways at any time after January 26, 1992 and must comply with Uniform Federal Accessibility Standards (UFAS) or with the Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities (ADAAG). 28 C.F.R. § 35.151. A street resurfacing project by a public entity is an alteration under the meaning of the regulation. *Kinney v. Yersalim*, 9 F.3d 1067, 1073-74 (3rd Cir. 1993); *Lonberg v. City of Riverside*, 2007 WL 2005177, * 6 (C.D. Cal. 2007).

74. The regulations implementing Title II of the ADA provide that a public entity must maintain the features of all facilities required to be accessible by the ADA. 28 C.F.R. § 35.133. Facilities required to be accessible include roads, walks, and passageways. 28 C.F.R. § 35.104.

75. The regulations implementing Title II also provide that a public entity must provide and maintain accessibility for temporary facilities, including but not limited to, "temporary safe pedestrian passageways around a construction site." 28 C.F.R. 36 App. A 4.1.1(4).

76. Plaintiffs are informed, believe and thereon allege that the City's pedestrian rights of way are not fully, equally, or safely accessible to Plaintiffs when viewed in their entirety. The premises administered by Defendants include facilities within the meaning of ADAAG and UFAS. Plaintiffs are informed and believe, and on that basis allege, that since January 26, 1992, Defendants have constructed, altered, or repaired parts of these facilities within the meaning of the ADAAG and the UFAS, and that Defendants through their policies and practices have failed to make such facilities readily accessible to and usable by persons with disabilities as required under federal accessibility standards.

77. Plaintiffs are informed, believe and thereon allege that Defendants violated and continue to violate the ADA by failing to enforce City and State apron parking codes or

1  otherwise prohibit apron parking and thereby denying them the benefits of the City's

2  pedestrian rights of way.

3     78. Plaintiffs are informed, believe and thereon allege that Defendants and their agents

4  and employees have failed to provide accessible alternative routes during construction

5  through their policies and practices with regard to the City's pedestrian walkways and

6  disability access.

7     79. Plaintiffs are informed, believe and thereon allege that Defendants and their agents

8  and employees have and continue to violate the ADA by failing to timely respond to and

9  remedy complaints about the said barriers through their policies and practices with regard

10  to the City's pedestrian walkways and disability access.

11     80. Plaintiffs are informed, believe and thereon allege that Defendants committed the

12  acts and omissions alleged herein with intent and/or reckless disregard of Plaintiffs'

13  rights.

14     81. As a direct and proximate result of the aforementioned acts, Plaintiffs have

15  suffered, and continue to suffer humiliation, hardship and anxiety, due to Defendants'

16  failure to address accommodations, modifications, services and access required for

17  Plaintiffs' disabilities.

18     82. Because Defendants' discriminatory conduct is ongoing, declaratory and injunctive

19  relief are appropriate remedies.

20     83. Pursuant to 42 U.S.C. § 12133, Plaintiffs are entitled to declaratory and injunctive

21  relief as well as reasonable attorneys' fees and costs incurred in bringing this action.

22  Plaintiffs Willits, Griffin, and Pilgreen also seek an award of damages.

23  **SECOND CAUSE OF ACTION**

24  **Section 504 of the Rehabilitation Act**

25  **(Against All Defendants)**

26  **29 U.S.C. § 794 *et seq.***

27     84. Plaintiffs incorporate by reference each and every allegation contained in the

28  foregoing paragraphs.

85. Section 504 of the Rehabilitation Act of 1973 provides in pertinent part: "[N]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance . . ." 29 U.S.C. § 794.

86. Plaintiffs are otherwise qualified to participate in the services, programs, or activities that are provided to individuals in the City. *See* 29 U.S.C. § 794(b).

87. The City is a direct recipient of federal financial assistance sufficient to invoke the coverage of Section 504, and has received such federal financial assistance at all times relevant to the claims asserted in this Complaint.

88. Plaintiffs are informed, believe and thereon allege that Defendants and their agents and employees have and continue to violate the Rehabilitation Act and the regulations promulgated thereunder by excluding Plaintiffs from participation in, denying Plaintiffs the benefits of, and subjecting Plaintiffs based solely by reason of their disability to discrimination in the benefits and services the City's pedestrian rights of way and for the reasons set forth above.

89. Plaintiffs are informed, believe and thereon allege that Defendants committed the acts and omissions alleged herein with intent and/or reckless disregard of Plaintiffs' rights.

90. As a direct and proximate result of the aforementioned acts, Plaintiffs suffered and continue to suffer humiliation, hardship, and anxiety due to Defendants' failure to address accommodations, modifications, services and access required for their disabilities.

91. Because Defendants' discriminatory conduct is ongoing, declaratory and injunctive relief are appropriate remedies.

92. Pursuant to 29 U.S.C. § 794(a), Plaintiffs are entitled to declaratory and injunctive relief and to recover from Defendants the reasonable attorneys' fees and costs incurred in bringing this action.  Plaintiffs Willits, Griffin, and Pilgreen also seek an award of damages.

## THIRD CAUSE OF ACTION

### California Government Code § 11135

### (Against All Defendants)

93. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

94. Section 11135(a) of the California Government Code provides in pertinent part: "No person in the State of California shall, on the basis of . . . disability, be unlawfully denied the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is funded directly by the state or receives any financial assistance from the state."

95. The City is funded directly by the State of California and receives financial assistance from the State of California sufficient to invoke the coverage of Government Code Sections 11135, *et seq.* The City was the recipient of such funding and financial assistance at all time relevant to the claims asserted in this Complaint.

96. Plaintiffs are informed, believe and thereon allege that Defendants and their agents and employees have and continue to violate California Government Code § 11135 by unlawfully denying Plaintiffs the benefits of, and unlawfully subjecting Plaintiffs to discrimination under the City's programs and activities and for the reasons set forth above.

97. Defendants have refused and failed to provide Plaintiffs with full and equal access to their facilities, programs, services and activities as required by California Government Code Sections 11135, *et seq.* through their policies and practices with regard to the City's pedestrian walkways and disability access.

98. As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered, and continue to suffer humiliation, hardship and anxiety, due to Defendants' failure to address accommodations, modifications, services and access required for Plaintiffs' disabilities.

99.  Because Defendants' discriminatory conduct is ongoing, declaratory and injunctive relief are appropriate remedies.

100.  Plaintiffs are also entitled to reasonable attorneys' fees and costs in filing this action.

## FOURTH CAUSE OF ACTION

### Unruh Civil Rights Act

### (Against All Defendants)

### California Civil Code § 51 *et seq.*

101.  Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

102.  This cause of action arises under California Civil Code section 51, which provides in pertinent part that "All persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civil Code § 51(b).

103.  Pursuant to California Civil Code § 51(f), a violation of the ADA also constitutes a violation of California Civil Code §51 *et seq.*

104.  Defendants own, operate and/or lease business establishments within the meaning of the Unruh Civil Rights Act.  City facilities are public accommodations whose facilities and programs are open to the general public and are operated for the public benefit.  The City provides its facilities, programs and services to the public, enters into business contracts with a myriad of business entities, and markets and promotes its programs, services, facilities and activities to the general public.  The City is a "business establishment" and pedestrian rights of way are "accommodations, advantages, facilities, privileges, or services" within the meaning of California Civil Code § 51 *et seq.*

105.  Plaintiffs are informed, believe and thereon allege that Defendants and their agents and employees have and continue to violate California Civil Code § 51 *et seq.*, through their policies and practices with regard to the City's pedestrian walkways and

disability access, by denying Plaintiffs full and equal access to its pedestrian rights of way comparable to the access that it offers to others and for the reasons set forth above, including violating the ADA.

106.    The actions of Defendants constitute intentional discrimination against persons with disabilities and violate the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq.*, in that physically disabled persons have been and are denied full and equal accommodations, advantages, facilities, privileges, and services provided to non-disabled persons.

107.    As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered, and continue to suffer, humiliation, hardship and anxiety, due to Defendants' failure to address accommodations, modifications, services and access required for Plaintiffs' disabilities.

108.    Because Defendants' discriminatory conduct is ongoing, declaratory and injunctive relief are appropriate remedies.

109.    Plaintiffs are also entitled to reasonable attorneys' fees and costs in filing this action.

110.    Plaintiffs Willits, Griffin, and Pilgreen also seek an award of damages. Under California Civil Code § 52.1(f), Defendants are liable to Plaintiffs Willits, Griffin, and Pilgreen for their actual damages, and up to three times their actual damages, but no less than $4,000 for every violation of California Civil Code § 51 et seq. Named Plaintiffs have complied with the California Tort Claims Act requirements.

## FIFTH CAUSE OF ACTION

### California Government Code § 4450, *et seq.*

### (Against All Defendants)

111.    Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

112.    The City's pedestrian rights of way are publicly funded and intended for use by the public within the meaning of California Government Code § 4450, *et seq.*

113.   Plaintiffs are informed, believe and thereon allege that Defendants' and their agents and employees have and continue to violate California Government Code § 4450, *et seq.*, and regulations implemented pursuant thereto, by constructing, altering, installing, maintaining, and/or operating its pedestrian rights of way in violation of disability access requirements and for the reasons set forth above.  The aforementioned acts and omissions of Defendants constitute a denial of equal access to and use of the City's pedestrian rights of way and caused Plaintiffs to suffer deprivation of their civil rights.

114.   As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered, and continue to suffer, humiliation, hardship and anxiety, due to Defendants' failures to address accommodations, modifications, services and access required for Plaintiffs' disabilities.

115.   Because the City's discriminatory conduct is ongoing, declaratory and injunctive relief are appropriate remedies.

116.   Plaintiffs are also entitled to reasonable attorneys' fees and costs in filing this action.

## SIXTH CAUSE OF ACTION
### Violation of California Civil Code § 54
### (Against Defendants)

117.   Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

118.   California Civil Code § 54(a) provides that "[i]ndividuals with disabilities or medical conditions have the same rights as the general public to the full and free use of …public services…."

119.   Plaintiffs are persons with disabilities within the meaning of California Civil Code § 54(b)(1) and California Government Code § 12926.

120.   Defendants provide public services within the meaning of § 54 *et seq.*

121.   By failing to provide reasonable and equal accommodations to Plaintiffs in light of, and based upon, Plaintiffs disabilities, Defendants have deprived Plaintiffs of their

1  right to have full and free use of public services, and therefore violate California Civil

2  Code § 54.

3      122.   Under California Civil Code § 54(c), a violation of the ADA also constitutes a

4  violation of California Civil Code § 54 *et seq.*

5      123.   For all the reasons outlined above, Defendants violated the rights of Plaintiffs

6  under the Americans with Disabilities Act, and therefore violated California Code § 54.

7      124.   As a direct and proximate result of the aforementioned acts, Plaintiffs have

8  suffered and continue to suffer humiliation, hardship, anxiety and indignity.

9      125.   Under California Civil Code § 54 *et. seq.*, Plaintiffs are entitled to injunctive

10  relief, and attorneys' fees and costs.

11      126.   Plaintiffs Willits, Griffin, and Pilgreen also seek an award of damages. Plaintiffs

12  Willits, Griffin, and Pilgreen are entitled to damages, including but not limited to,

13  statutory damages in an amount up to a maximum of three times the amount of her actual

14  damages.  Cal. Civ. Code § 54.3.  Named Plaintiffs have complied with the California

15  Tort Claims Act requirements.

## PRAYER FOR RELIEF

17  WHEREFORE, Plaintiffs request judgment as follows:

18      1.   A declaration that Defendants' conduct as alleged herein has violated, and

19  continues to  violate, Title II of the Americans with Disabilities Act; Section 504 of the

20  Rehabilitation Act of 1973; California Government Code §§ 11135 and 4450; and

21  California Civil Code §§ 51 and 54;

22      2.   Issuance of preliminary and permanent injunctions requiring each Defendant to

23  undertake remedial measures to mitigate the effects of Defendants' past and ongoing

24  violations of Title II of the ADA, Section 504 of the Rehabilitation Act, California

25  Government Code §§ 11135 and 4450; and California Civil Code §§ 51 and 54; and the

26  regulations promulgated under each of these statutes.  At a minimum, Defendants must

27  be enjoined to take the following actions:

28

**CLASS ACTION COMPLAINT**

a. Ensure that the City's pedestrian rights of way when viewed in their entirety are readily accessible to and useable by individuals with disabilities;

b. Undertake prompt remedial measures to eliminate the physical barriers to access to pedestrian rights of way to make such rights of way accessible to Plaintiffs in accordance with federal and state nondiscrimination statutes;

c. Ensure that all future new construction and alterations to City pedestrian rights of way comply with the Americans with Disabilities Act Accessibility Guidelines and/or Uniform Federal Accessibility Standards, Title 24 of the California Code of Regulations standards and Cal. Govt. Code §§ 4450, *et seq.*; and

d. Remain under this Court's jurisdiction until Defendants fully comply with the Orders of this Court;

3. Award Plaintiffs' attorneys' fees and costs, as provided by law;

4. Award of damages to named Plaintiffs Willits, Griffin, and Pilgreen to the extent provided by law; and

5. Such other relief as the Court finds just and proper.


DATED: August _3_, 2010                Respectfully Submitted,

DISABILITY RIGHTS LEGAL CENTER

SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP


By:_____
     Shawna L. Parks
     Surisa E. Rivers
     Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

## CV10- 5782 R (RCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

Paula D. Pearlman, SBN 109038
paula.pearlman@lls.edu
DISABILITY RIGHTS LEGAL CENTER
919 Albany Street
Los Angeles, CA 90015
Tel: 213-736-1031 (see attachment for add'l atty info)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WILLITS, JUDY GRIFFIN, BRENT PILGREEN, (see attachment for additional plaintiffs) <br><br> PLAINTIFF(S) <br><br> v. <br><br> CITY OF LOS ANGELES, a public entity; ANTONIO VILLARAIGOSA, in his official capacity as Mayor (see attachment for additional defendants) <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV10 5782-R (RGx) <br><br><br> SUMMONS |

TO:   DEFENDANT(S): <u>City of Los Angeles, a public entity; Antonio Villaraigosa, in his official capacity as</u>
<u>Mayor (see attachment for additional defendants);</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Surisa E. Rivers</u>, whose address is <u>Disability Rights Legal Center, 919 Albany Street, Los Angeles, CA 90015</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __•4 AUG 2010__          By: _____
                                    MARILYN DAVIS
                                    SEAL
                                    Deputy Clerk
                                    (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1

## ATTACHMENT TO SUMMONS

2

3  ADDITIONAL ATTORNEY INFORMATION:

4

5   Shawna L. Parks (CA Bar No. 208301)
    shawna.parks@lls.edu

6   Surisa E. Rivers (CA Bar No. 250868)
    surisa.rivers@lls.edu

7   DISABILITY RIGHTS LEGAL CENTER
    919 Albany Street

8   Los Angeles, CA 90015
    Tel:  (213) 736-1031

9   Fax:  (213) 736-1428

10  Guy B. Wallace (CA Bar No. 176151)
    gwallace@schneiderwallace.com

11  Mark T. Johnson (CA Bar No. 076904)
    mjohnson@schneiderwallace.com

12

13  Andrew P. Lee (CA Bar No. 245903)
    alee@schneiderwallace.com

14  SCHNEIDER ,WALLACE , COTTRELL, BRAYTON, KONECKY LLP

15  180 Montgomery Street, Suite 2000
    San Francisco, CA 94104

16  Tel: (415) 421-7100

17  Fax: (415) 421-7105

18

19  ADDITIONAL PLAINTIFFS

20  And COMMUNITIES ACTIVELY LIVING INDEPENDENT AND FREE

21  ("CALIF"), on behalf of themselves and all others similarly situated,

22

23  ADDITIONAL DEFENDANTS

24  ERIC GARCETTI, in his official capacity as President of the Los Angeles City

25  Council; ED REYES, PAUL KREKORIAN, DENNIS P. ZINE, TOM LABONGE,

26  PAUL KORETZ, TONY CARDENAS, RICHARD ALARCON, BERNARD
    PARKS, JAN PERRY, HERB J. WESSON, JR., BILL ROSENDAHL, GREIG

27  SMITH, JOSE HUIZAR, AND JANICE HAHN, in their official capacities as

28  members of the Los Angeles City Council,

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MARK WILLITS, JUDY GRIFFIN, BRENT PILGREEN, and COMMUNITIES
ACTIVELY LIVING INDEPENDENT AND FREE ("CALIF"), on behalf of
themselves and all others similarly situated

County of Los Angeles

**DEFENDANTS**
CITY OF LOS ANGELES, a public entity; ANTONIO VILLARAIGOSA, in his
official capacity as Mayor; ERIC GARCETTI, in his official capacity as
President of the Los Angeles City Council (see attachment for add'l defendants)

County of Los Angeles

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing
yourself, provide same.)

Paula D. Pearlman
Disability Rights Legal Center, 919 Albany Street, Los Angeles, CA 90015
Tel: 213-736-1031   (see attachment for additional attorney information)

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S.
Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship
of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ Per Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
ADA, (42 U.S.C. Section 12131 et seq.); Section 504 of the Rehabilitation Act of 1973; CA Gov't Code Section 11135 (see attachment for additional information)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act | |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent | |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | **SOCIAL SECURITY** | |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☑ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

# CV10 5782

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 8|3|10

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# ATTACHMENT TO CIVIL COVER SHEET

## ADDITIONAL ATTORNEY INFORMATION:

Shawna L. Parks (CA Bar No. 208301)
shawna.parks@lls.edu
Surisa E. Rivers (CA Bar No. 250868))
surisa.rivers@lls.edu
DISABILITY RIGHTS LEGAL CENTER
919 Albany Street
Los Angeles, California 90015
Tel: (213) 736-1031;  Fax:  (213) 736-1428

Guy B. Wallace (CA Bar No. 176151)
gwallace@schneiderwallace.com
Mark T. Johnson (CA Bar No. 076904)
mjohnson@schneiderwallace.com
Andrew P. Lee (CA Bar No. 245903)
alee@schneiderwallace.com
SCHNEIDER ,WALLACE , COTTRELL, BRAYTON, KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 421-7100;  Fax: (415) 421-7105

## ADDITIONAL DEFENDANTS

ED REYES, PAUL KREKORIAN, DENNIS P. ZINE, TOM LABONGE, PAUL
KORETZ, TONY CARDENAS, RICHARD ALARCON, BERNARD PARKS,
JAN PERRY, HERB J. WESSON, JR., BILL ROSENDAHL, GREIG SMITH,
JOSE HUIZAR, AND JANICE HAHN, in their official capacities as members of
the Los Angeles City Council,

## ADDITIONAL CAUSES OF ACTION

Unruh Civil Rights Act (Cal. Civil Code §51;  California Government Code §
4450; California Disabled Persons Act (Cal. Civil Code §54; This lawsuit is
brought against Defendants to redress the defendants' systemic and pervasive
discrimination through denial of meaningful access to City's pedestrian rights of
way