1  **CARMEN A. TRUTANICH,** City Attorney (SBN 86629x)
2  **GARY G. GEUSS,** Chief Assistant City Attorney (SBN 128022)
   **LAURIE RITTENBERG,** Assistant City Attorney (SBN 106683)
3  **GERALD SATO,** Deputy City Attorney (SBN 82780)
   **GABRIEL DERMER,** Deputy City Attorney (SBN
4  200 N. Main Street, City Hall East, 9th Floor, Rm. 916
5  Los Angeles, CA 90012-4129
   Telephone (213) 473-6875
6  Facsimile (213) 473-6818
7  Email: *Gerald.Sato@lacity.org*

8  Attorneys for Defendants CITY OF LOS ANGELES  et al

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WILLITS et al<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES et al<br><br>Defendants. | **CASE NO.  CV 10-5782-CBM (RZx)**<br><br>**1,  EX PARTE APPLICATION OF DEFENDANTS CITY OF LOS ANGELES ET AL FOR CONTINUANCE OF HEARING/EXTENSION OF DUE DATE FOR OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>**2.  MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF**<br><br>**3. DECLARATION OF GERALD SATO**<br><br>**(proposed Order lodged herewith)** |

Defendants CITY OF LOS ANGELES and each individually-named defendant hereby apply ex parte for an Order granting a continuance of the hearing on the motion of plaintiff MARK WILLITS et al for class certification, filed September 1, 2010, from

1

October 4, 2010 to **November 1, 2010**, with the due date for defendants' opposition papers similarly extended from September 13, 2010 to **October 4, 2010**, with plaintiffs' reply papers due on **October 18, 2010.** A proposed Order is lodged herewith.

  This application is made on grounds that good cause exists for said continuance and extension, and plaintiffs will suffer no prejudice thereby, as demonstrated by the memorandum of points and authorities and declaration of Gerald Sato below.

  This application is made ex parte, as further demonstrated by the memorandum of points and authorities and declaration of Gerald Sato below, because the relief requested herein cannot be obtained on noticed motion. Per Local Rule 7-19 defendants have attempted to obtain the stipulation of plaintiffs to said continuance and extension, but plaintiffs have declined. Plaintiffs have indicated that this application is opposed. On September 2, 2010, the defense provided notice of the date and approximate time on which this application would be made, as well the substance of the application and grounds for the requested continuance and extension, etc.

  This application is based on the following memorandum of points and authorities and declaration of Gerald Sato, and upon all documents and exhibits on file herein.

Date:  September 7, 2010

    **CARMEN A. TRUTANICH, City Attorney**
    **GARY G. GEUSS, Chief Assistant City Attorney**
    **LAURIE RITTENBERG, Assistant City Attorney**
    **GERALD M. SATO, Deputy City Attorney**
    **GABRIEL DERMER, Deputy City Attorney**

    s/Gerald M. Sato
    By **GERALD M. SATO, Deputy City Attorney**

# MEMORANDUM OF POINTS AND AUTHORITIES
## Attempts to Obtain Plaintiffs' Stipulation
## To a Continuance of Hearing/Extension of Pleading Deadlines

<u>August 4, 2010</u>.  The Complaint with class action allegations was filed.  Per Local Rule 23-3, the last day for plaintiffs to file a motion for class certification is November 4, 2010 (the actual 90th day falling on the prior Saturday).

<u>August 23, 2010</u>.  The parties conducted an in person "conference of counsel" for plaintiffs' motion for class certification.

<u>September 1, 2010</u>.  Plaintiffs filed their motion for class certification, setting the hearing date for October 4, 2010.  Per Local Rule 7-9 opposition papers are presently due on Monday September 13, 2010 (the 10th day falling on the prior Saturday).

<u>September 1, 2010</u>.  Defense counsel Gerald Sato, Deputy City Attorney, attempted to reach plaintiff's counsel Surisa Rivers, who had participated in the "conference of counsel" and signed the plaintiffs' motion, at her telephone number of record to request a stipulation for a continuance of the hearing to November 1, 2010 because the defense needed the additional time to prepare opposition; additionally, because defense counsel Gabriel Dermer, Deputy City Attorney, would be off work September 8, 9, and 10, 2010, for Rosh Hashana, and the entire City Attorney staff would be off work for Labor Day, September 6, 2010.  The request included an extension of 28 days from September 13, 2010 to October 1, 2010 in which to file opposition papers.  Ms. Rivers did not answer, and so Mr. Sato left a voicemail message with the above request for stipulation.

<u>September 1, 2010</u>.  To ensure that the defense request would be communicated to plaintiffs' counsel, Mr. Sato sent by e-mail to Ms. Rivers, and to Mark Johnson, Esq., who had also participated in the conference counsel, at their e-mail addresses of record the same request for a stipulation for a continuance and extension, again indicating that additional time was needed to prepare opposition, and that Mr. Dermer would be off for the religious holidays and observances before the September 13th due date.

1  September 2, 2010. When plaintiffs' counsel still did not respond, Mr. Sato sent to Ms. Rivers and Mr. Johnson, by fax, e-mail attachment, and mail a letter requesting plaintiffs' stipulation to the 28-day continuance and extension, and again indicating Mr. Dermer's unavailability over Rosh Hashanah. *Per Local Rule 7-19*, the letter also indicated that if a stipulation could not be reached, that the present application would be lodged with the Court in the a.m. on September 7, 2010; the letter also re-summarized the relief sought and the grounds therefore.

September 2, 2010. Ms. Rivers sent an e-mail to Mr. Sato indicating that plaintiffs could not stipulate, but if the Court were to grant one, the plaintiffs would like to have fourteen (14) days after service of opposition to file reply papers (the proposed Order lodged herewith allows such a 14 day period).

## Good Cause for a Twenty-Eight Day
## Continuance of Hearing and Extension to File Opposition papers

This Court has inherent authority to grant continuances of hearings and extensions of deadlines for good cause in the interests of justice and judicial economy, in the absence of prejudice to the opposing party.

The present motion for certification consists of a 28-page brief, and 18 declarations, most with exhibits. The declarations include an expert witness opinion (Maslin) with exhibits.

The defense believes that the present class certification motion may be the most legally complex matter to come before this Court during the life of the case. Even future dispositive motions and trial on the merits may not present the complexity found in the plaintiffs' carefully-prepared motion

The defense believes in good faith that it has meritorious arguments to present against class certification, including that the plaintiffs' numerous declarations provide no substantial evidence that it is the "policy and practice" of the City of Los Angeles to violate the rights of the plaintiffs and proposed class members under the Americans With Disabilities Act or similar legislation, that the plaintiffs therefore cannot satisfy the

"commonality" and "typicality" requirements of FRCP Rule 23(a) (nor, for similar reasons, can plaintiffs satisfy the requirements of FRCP Rule 23(b)(2).

However, the defense is in need of more than the ten days allowed by local rules in which to prepare its opposition papers.  The defense has already been exercising diligence in preparing its opposition, but a twenty-eight day extension is still needed for to complete the opposition.

It should be noted that the proposed November 4, 2010 continued hearing date would still be within the ninety (90) days given by local rules to the plaintiffs merely to file their class certification motion.  Additionally, the extension to October 1, 2010 for opposition papers is less time than would be allowed by local rules (21 days before hearing) for November 4, 2010 hearing date.

The defense would still be in need of a twenty-eight day extension even if it did not face the staffing issues created by the Labor Day holiday, the 8 hour per 2 week pay period furlough imposed against all City Attorney staff, and religious holidays.  Gabriel Dermer, Deputy City Attorney, with whom the plaintiffs, their counsel, and this Court are acquainted by his representation of the City in *CALIF v. City of Los Angeles et al*, CV 09-0287-CBM, is required by his faith to be off work for Rosh Hashanah, September 8, 9 and 10, 2010 before the present September 13th deadline; he is also required to be off work in whole or in part on six other dates for other religious holidays and observances, including Yom Kippur, September 17, 2010, before the proposed opposition deadline of October 4.

The plaintiffs will suffer no conceivable prejudice by the requested extension and continuance.  While there is almost nothing in the plaintiffs' class certification motion with which the defense can agree, the defense recognizes that the motion is competently prepared and, for that reason, will still retain through November 4, 2010, such viability as it may have had when filed on September 1, 2010.  The underlying action purports to address events which may have occurred over the course of many years; the additional 28 days requested herein will not prejudice the plaintiffs' ability to prosecute their action.

And, as noted above, the deadline to file a class cert motion will still not have expired as of the proposed November 4th hearing date.

For all of the above reasons, this application for an extension to file opposition and continuance of hearing should be granted.

Date:  September 7, 2010

        **CARMEN A. TRUTANICH, City Attorney**
        **GARY G. GEUSS, Chief Assistant City Attorney**
        **LAURIE RITTENBERG, Assistant City Attorney**
        **GERALD M. SATO, Deputy City Attorney**
        **GABRIEL DERMER, Deputy City Attorney**

        **s/Gerald M. Sato**
        **By GERALD M. SATO, Deputy City Attorney**

# DECLARATION OF GERALD SATO

I, Gerald Sato declare:

1. I am a Deputy City Attorney of Los Angeles and one of the counsels of record for the defendants and each of them herein. I have personal knowledge of the following facts and, if called as a witness, could and would testify competently to the truth thereof.

2. This action was filed on August 4, 2010. The "conference of counsel" for plaintiffs' class certification motion took place in our offices on August 23, 2010. On September 1, 2010, the present class certification motion was filed, consisting of a 28-page memorandum of points and authorities, and 28 declarations, most with exhibits. The declarations include an expert witness opinion. The present due date for opposition papers is September 13, 2010, per Local Rule 7-9.

3. I have been a member of the State Bar of California since 1978 and have considerable experience in civil litigation in both the California and federal courts. Based on my experience, the City has meritorious arguments which can be asserted against the class certification motion, particularly on the issues of "commonality" and "typicality", but that adequate opposition papers cannot be prepared for filing by September 13, 2010. However, an extension of twenty-eight (28) days to October 4, 2010 in which to file opposition papers, with a continued hearing date of November 4, 2010 would be sufficient.

4. Much of the preparation of the City's opposition papers will be conducted by my co-counsel, Gabriel Dermer, Deputy City Counsel. He is presently representing the City before this Court in *CALIF v. City of Los Angeles*, CV 09-0287-CBM. Mr. Dermer has advised me, and shown me a religious calendar reflecting the fact that as an orthodox Jew, he is required to be off work nine days in September and October 1, 2010. Before the present September 13th deadline, Mr. Dermer must leave work early and not perform work at all on September 9, and 10, 2010 for Rosh Hashana; thereafter Mr. Dermer must leave work early on September 17, 2010 and not work thereafter for Yom Kippur; he must leave work early on September 22 and not work on September 23, and 24, 2010 for Sukkoth; he must leave work early on September 29, 2010 for Hoshana Raba, and not work on September 30, 2010 for Shemini Atzeret and October 1, 2010 for Simchat Torah. The defense hopes that this Court will allow a 28-day extension in which to file opposition papers as a reasonable accommodation to Mr. Dermer's faith.

5. On September 1, 2010, after reviewing the plaintiffs' class certification motion, I attempted to reach plaintiffs' counsel of record, Surisa Rivers, Esq., at her telephone number of record. Ms. Rivers was not in, but I was able to leave a voicemail message indicating that the defense was requesting plaintiffs' stipulation for a continuance of the hearing date to November 1, 2010, with opposition and reply dates to be set per the local rules. I indicated that the additional time was needed for preparation of opposition papers, that the time was also needed to accommodate the religious holidays.

6. Also on September 1, 2010, I sent by e-mail to Ms. Rivers and to Mark Johnson, Esq., also plaintiffs' counsel of record, at their indicated e-mail addresses, the same request for a stipulation and brief discussions of the reasons.

7. Not having heard back from plaintiffs, on September 2, 2010 I prepared and sent a letter to plaintiffs' counsels Ms. Rivers and Mr. Johnson, by fax, e-mail attachment, and first class mail, a letter requesting their stipulation for all the reasons stated above, and further indicating *per Local Rule 7-19* that if no stipulation could be reached, the defendants would be making the present ex parte application, on Tuesday, September 7, 2010, for a twenty-eight (28) day continuance of the hearing date from October 4, 2010 to November 1, 2010, and a like 28 day extension of the opposition and reply paper due dates, and the grounds for said relief.

8. Later on September 2, 2010, I received an e-mail message from Ms. Rivers indicating that plaintiffs could not enter a stipulation for a continuance or extension but that, if this Court were to grant an extension to file opposition, that plaintiffs would like to have fourteen (14) days from service thereof to file reply papers. The City has no opposition to allowing plaintiffs their requested fourteen day reply period, and the proposed Order lodged herewith reflects that request.

I declare under penalty of perjury that the above is true and correct. Executed on September 7, 2010 at Los Angeles, California.

                                               s/Gerald Sato
                                               GERALD SATO