CARMEN A. TRUTANICH, City Atty. (SBN (86629x)
GARY G. GEUSS, Chief Assistant City Attorney (SBN 128022)
LAURIE RITTENBERG, Asst. City Atty. (SBN 106683)
**GERALD SATO,** Deputy City Atty. (SBN 82780)
GABRIEL DERMER, Deputy City Atty. (SBN 229424)
200 North Main Street, Room 916
Los Angeles, California 90012
Telephone: 213.473.6875
Facsimile: 213.473.6818
Email: Gerald.Sato@lacity.org

Attorneys for Defendants CITY OF LOS ANGELES,
ANTONIO VILLARAIGOSA and CITY COUNCIL
OF THE CITY OF LOS ANGELES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK WILLITS, JUDY GRIFFIN, BRENT PILGREEN, and COMMUNITIES ACTIVELY LIVING INDEPENDENTLY AND FREE ("CALIF"), on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br>vs.<br><br>THE CITY OF LOS ANGELES, et al.,<br><br>Defendants. | **CASE NO.:  CV10- 5782 – CBM (RZx)**<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS CITY OF LOS ANGELES ET AL TO DISMISS THE COMPLAINT**<br><br>Date: November 15, 2010<br>Time: 12:00 p.m.<br>Ctrm: 2<br><br>Hon. Consuelo B. Marshall |

1

## PLAINTIFFS DO NOT DISPUTE THAT THEIR "CAUSE OF ACTION" UNDER TITLE II OF THE A.D.A. FAILS TO MEET THE *IQBAL* AND *TWOMBLY* STANDARDS FOR PLEADING.

The City of Los Angeles has raised a straightforward question in its motion to dismiss: Does the Complaint of Mark Willits et al meet the pleading standards set forth in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* __U.S.__, 129 S.Ct. 1937 (2009), yes or no?  Perhaps at the November 15th hearing, plaintiffs will get around to providing an answer.  They have not done so in their opposition papers, have not so much as even mentioned these Supreme Court decisions or any later decisions applying them.  Indeed, what the plaintiffs have provided is hollow rhetoric totally non-responsive to the arguments asserted in the motion.

It is not responsive to the motion for plaintiffs to argue that a claim can be stated under Title II of the ADA in which proof of discriminatory intent is unnecessary.  The City has moved to dismiss the Complaint which the plaintiffs have actually filed; in the Complaint they have actually filed, as pointed out in the moving papers, every injury alleged to have been suffered in violation of Title II is attributed to City policies and practices and discriminatory intent and reckless disregard of the plaintiffs' rights:

> The discrimination and denial of meaningful access to the City's pedestrian rights of way for persons with mobility disabilities complained of herein is *the direct result of Defendants' policies and practices* with regard to the City's pedestrian walkways and disability access . . ."
>
> Compl. ¶5 (emphasis added).

The Plaintiffs allege that the City defendants violated their rights under Title II with a particular state of mind, "with intent and/or reckless disregard of Plaintiffs' rights." Compl. ¶¶80, 89, 93, 106, 111, 117.  The defense is unaware of any authority, and plaintiffs have cited none, for the odd proposition that a motion to dismiss can be only be granted if it seeks dismissal of theories of liability not pleaded.  If plaintiffs believe that they have a viable intent-neutral theory of liability under Title II, they should seek

1

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS CITY OF LOS ANGELES ET AL TO DISMISS THE COMPLAINT**

leave of this Court to so amend.

It is not responsive for the plaintiffs to suggest that they should be allowed to conduct discovery on a theory that they have suffered injury under Title II as a direct result of municipal policies and practices and actions committed with discriminatory intent and reckless disregard of their rights when they have not disputed that their Complaint fails to go beyond "threadbare recitals" and therefore fails to plead a plausible factual scenario that such policies and practices or discriminatory states of mind existed. *Iqbal supra* and *Twombly supra*. The plaintiffs have it exactly backwards, they have placed the discovery cart before the adequate pleading horse. The plaintiffs are not allowed to conduct discovery on an inadequately pleaded theory of liability, that is, a theory that fails to plead the plausible factual scenario required by *Iqbal* and *Twombly*:

> "'the price of entry, even to discovery, is for [the] plaintiff to allege a factual predicate concrete enough to warrant further proceedings, which may be costly and burdensome. Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition.'"

*Capraun v. Garden Valley Fire Protection Dist.*, 2:09-CV-01254-FCD, 2009 U.S. Dist. LEXIS 119244 (E.D.CA December 2, 2009) quoting *DM Research Inc. v. College of American Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999). And as the Seventh Circuit has pointed out, while a defendant could conceivably conduct discovery to clarify what it is the plaintiff is actually contending, the motion to dismiss is designed to allow the parties to avoid the costs of discovery before a sufficient claim is pleaded:

> It is true that all that the federal rules require of a complaint is that it put the defendant on notice of the plaintiff's claim; but notice implies some minimum description of the defendant's complained-of conduct. The purpose of this requirement is less to give the defendant enough information to begin to prepare a defense--if truly puzzled, he could always

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF**

> serve a contention interrogatory on the plaintiff--than *to allow the court to determine at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any tenable theory or basis of suit, so that if he does not the case can be got rid of immediately without clogging the court's docket and imposing needless expense on the defendant.*

*Ryan v. Mary Immaculate Queen Center*, 188 F.3d 857, 860 (7th Cir. 1999)(emphasis added) also citing *DM Research Inc., supra* at 55. The price of entry is a Complaint which complies with *Twombly* and *Iqbal*.

It is not responsive for the plaintiffs now to state that they never meant to plead a cause of action to enforce the "transition plan" required by the Department of Justice's implementing regulations under Title II, a cause of action clearly barred by *Lonberg v. City of Riverside*, 571 F.3d 846 (9th Cir. 2009), but that they what they "really" meant to plead was a cause of action based on 28 C.F.R. §35.130(b)(10(ii)-(iii) (disparate treatment in affording aid, benefits, as between qualified disabled persons and others), 28 C.F.R. §35.149 (modification of existing facilities). The plaintiffs' position is a non-starter because the federal courts do not recognize a private right of action to enforce the DOJ implementing regulations. In *American Association of People With Disabilities v. Harris*, 605 F.3d 1124 (11th Cir. 2010), although the plaintiffs had pleaded violations of Title II of the ADA and the Rehabilitation Act, and contended in their trial brief that the defendants had violated the aforementioned §35.149, the District Court awarded judgment to the plaintiffs based on a finding that requirements under §35.151(b)(readily accessible alterations) had not been satisfied. The Eleventh Circuit applied the reasoning of the Ninth Circuit's *Lonberg* decision and the United States Supreme Court's decision in *Alexander v. Sandoval*, 532 U.S. 275 (2001) in holding that, notwithstanding the plaintiffs' pleadings, the District Court had in reality allowed a cause of action for a specific violation of a DOJ implementing regulation, but that such a cause of action could not be allowed:

3

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF**

> While the ADA directed the Attorney General to promulgate regulations implementing Part II, 42 U.S.C. § 12134, the purpose of those regulations is to provide standards for compliance with the ADA, *id*. § 12134(c), not to give individuals a right to sue if compliance with those standards is not met.

*Harris, supra* at 1134-1135 (footnote omitted).  As the opposition papers point out, virtually the entire Title II cause of action is premised on a violation of one DOJ implementing regulation or another.  There is every reason to believe that the Ninth Circuit, like the Eleventh Circuit, would find its own decision in *Lonberg* as persuasive authority that private causes of action to enforce DOJ regulations are not allowed, notwithstanding an attempt through artful pleading to "transform" them into suits under Title II.

It will not be responsive for plaintiffs at the November 15th hearing to attempt to argue that their suit is indeed exclusively under Title II and independent of the DOJ regulations.  A sidewalk can be the subject of a Title II action only if it somehow denies meaningful access to an actual service, program, or activity of the public entity:  "we hold that there is no private cause of action to challenge sidewalks, curbs, and parking lots unless the noncompliance results in a denial of access to a service, program, or activity . . ." *Frame v. City of Arlington*, 616 F.3d 476, 2010 U.S. App. LEXIS 17601 *29 n. 16 (5th Cir. 2010)  The *Willits* Complaint does not make this distinction.[1]

---

[1] Footnote 4 of the opposition papers notwithstanding, there is no mystery to why *Frame* is not mentioned in the moving papers, filed September 27, 2010.  The defense had considered advancing a "statute of limitations" argument in its opposition to plaintiffs' class certification motion based on Frame v. City or Arlington, 575 F.3d 432 (5th Cir. 2009); however, on "Sheperdizing" that decision during the week between filing the motion to dismiss, and filing the opposition to class certification, the defense learned that the 2009 decision had been superseded by 616 F.3d 476; the new decision (so new that it had not yet received an official reporter citation, was included in the class cert opposition.  Plaintiffs' suggestion that the defendants "waived" something by not mentioning *Frame* in the moving papers is wishful thinking on plaintiffs' part and pretty

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS CITY OF LOS ANGELES ET AL TO DISMISS THE COMPLAINT**

It is not responsive for the plaintiffs to point out that the United States Supreme Court in *Alexander v. Choate*, 469 U.S. 287 (1985) interpreted that phrase "solely by reason of disability" from the Rehabilitation Act as allowing in some cases a cause of action premised on disparate treatment and discriminatory intent, and in some cases on a disparate impact theory which does not require proof of discriminatory intent. As noted above, the present Complaint is premised on a discriminatory intent theory. But even if it was not, the Complaint would still fail to meet the *Iqbal/Twombly* standard for pleading. That's because when a plaintiff proceeds on an intent-neutral disparate impact theory of liability, the plaintiff must still plead and prove the particular policy or practice which has caused the disparate impact injury. For example, in the employment context, plaintiff is still:

> required to show that a specific employment practice had a significant adverse impact on the protected group of which he is a member . . . but he was not required to show that his employer intended to discriminate against him, *see Jurado v. Eleven-Fifty Corp.*, 813 F.2d 1406, 1412 (9th Cir. 1987) (citing *Griggs v. Duke Power Co.*, 401 U.S. 424, 28 L. Ed. 2d 158, 91 S. Ct. 849 (1971)). He was also required to show some causal connection between the employment practice and the alleged disparate impact. *See*

---

silly, and not just because the suggestion is made without authority. Establishing that there has been discrimination in providing a "service" is one of the elements of proof for the plaintiffs, it is not the defendants' burden to plead and prove as an affirmative defense that a sidewalk is not a service; that is, plaintiffs would still have to prove that a "service" is implicated even if the defendants failed to Answer and the case proceeded to a default prove up. Moreover, even if the "service" issue were an affirmative defense, the defendants are not aware of any authority, and plaintiffs have cited none, that there is a requirement to assert every possible defense or objection in a motion to dismiss on pain of waiver. But assuming that plaintiffs were in good faith "surprised" by not seeing *Frame* discussed in the motion to dismiss, the defense has no objection to plaintiffs filing a supplemental brief addressing that decision without any further reply from the defense.

5

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS CITY OF LOS ANGELES ET AL TO DISMISS THE COMPLAINT**

*Atonio v. Wards Cove Packing Co.*, 810 F.2d 1477, 1482 (9th Cir. 1987) (en banc). *Llamas v. Butte Community College District*, 170 F.3d 53, 55 (1st Cir. 1999)  In short, for the plaintiffs to state a "disparate impact" theory must still plead the particular policy or practice causing injury at least to the level of factual specificity required by *Iqbal* and *Twombly*.  The plaintiffs have not disputed their failure to do this.

Similarly, it is not responsive for plaintiffs to argue that the District Court could fashion equitable relief if plaintiffs prevailed on an intent-neutral theory of liability, including a mandatory injunction directing the City to perform some of the actions which the DOJ implementing regulations describe in the permissive.  The broad powers of the federal courts to fashion equitable relief have no bearing upon whether a Complaint meets the *Iqbal/Twombly* standards.  For example, in a case under Title VII of the Civil Rights Act of 1964, a District Court could issue an injunction directing an employer to adopt specific hiring or promotional goals and timetables or other affirmative action to remedy a past history of invidious discrimination.  But for purposes of determining whether the Complaint was adequate, the issue is whether the allegations of the invidious discrimination meet the *Iqbal/Twombly* standards, not whether the District Court could order some particular form of relief.

The ADA claim, and the related claims which rely upon proper pleading of the ADA claim, should be dismissed.

**CONCLUSION**

Regarding the remainder of the opposition papers, the defense agrees with pretty much nothing contained therein, but believes most of the issues raised are adequately addressed in the moving papers.  The defense looks forward to answering questions about the motion to dismiss at the November 15th hearing.

The plaintiffs appear to have believed that by filing a Complaint of such elephantine proportions, this Court would simply take it on faith that somewhere buried in the sheer bulk of the pleading is a "a short and plain statement of the claim showing

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS CITY OF LOS ANGELES ET AL TO DISMISS THE COMPLAINT**

that the pleader is entitled to relief." F.R.C.P Rule 8(a)(2)  But there is no needle meeting the *Iqbal/Twombly* standard anywhere in this bulbous haystack.  The motion to dismiss should be granted.

DATED:  November 1, 2010        CARMEN A. TRUTANICH, City Attorney
                                                    LAURIE RITTENBERG, Assistant City Attorney
                                                    GERALD SATO, Deputy City Attorney
                                                    GABRIEL DERMER, Deputy City Attorney


                                  By:   /s/           Gerald Sato
                                          GERALD SATO
                                          Deputy City Attorney
                                          Attorneys for Defendants
                                          CITY OF LOS ANGELES, ANTONIO VILLARAIGOSA, and the CITY COUNCIL OF THE CITY OF LOS ANGELES

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF**