CARMEN A. TRUTANICH, City Attorney (SBN 86629x)
GARY G. GEUSS, Chief Assistant City Attorney (SBN 128022)
LAURIE RITTENBERG, Assistant City Attorney (SBN 106683)
**GERALD SATO**, Deputy City Attorney (SBN 82780)
Email: *Gerald.Sato@lacity.org*
GABRIEL S. DERMER, Deputy City Attorney (SBN 229424)
Email: *Gabriel.Dermer@lacity.org*
200 N. Main Street, City Hall East, 9th Floor, Rm. 916
Los Angeles, CA 90012-4129
Telephone (213) 473-6875
Facsimile (213) 473-6818

Attorneys for Defendants CITY OF LOS ANGELES et al

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WILLITS et al | **CASE NO.  CV 10-5782-R(RCx)** |
| Plaintiffs, | **ANSWER** |
| vs. | **Hon. Consuelo B. Marshall** |
| CITY OF LOS ANGELES et al | **Courtroom 2** |
| Defendants. | |

1
**ANSWER**

1        Defendants CITY OF LOS ANGELES, ANTONIO VILLARAIGOSA, ERIC

2    GARCETTI, ED REYES, PAUL KREKORIAN, DENNIS P. ZINE, TOM LABONGE,

3    PAUL KORETZ, TONY CARDENAS, RICHARD ALARCON, BERNARD PARKS,

4    JAN PERRY, HERB J. WESSON, JR., BILL ROSENDAHL, GREIG SMITH, JOSE

5    HUIZARD, and JANICE HAHN hereby file their Answer to facts in the Complaint of

6    plaintiff Mark Willits et al:

7        1. Answering paragraphs 1 and 2 of the Complaint, defendants and each of them

8    admit that this Court has subject matter jurisdiction over the action, and that venue in this

9    Central District of California is proper, but deny the remaining allegations.

10        2. Answering paragraphs 3, 4, 5, 5a through 5j, 6, 7, 8, 8a through 8d, 9, 10, 20,

11    23, 23a through 23d, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41,

12    42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 63a

13    through 63f, 64, 64a through 64f, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 88, 89, 90,

14    91, 92, 95, 96, 97, 98, 99, 100, 103, 104, 105, 106, 107, 108, 109, 110, 112, 113, 114,

15    115, 116, 120, 121, 123, 124, 125, and 126 of the Complaint, defendants generally and

16    specifically deny each and every material allegation of fact asserted therein, and further

17    specifically:

18        a. deny that defendants have engaged in any policy or practice or any other action

19    or omission which violate or threatens prospectively to violate plaintiffs' or the proposed

20    plaintiff class members' rights under 42 U.S.C. section 12131 et seq, 29 U.S.C. section

21    794 et seq, California Government Code section 11135 et seq, California Civil Code

22    section 51 et seq, California Government Code section 4450 et seq, or California Civil

23    Code section 54, and

24        b. deny that defendants have caused or threaten prospectively to cause any injury

25    or damage to plaintiffs or plaintiffs' proposed class members; and

26        c. deny that said plaintiffs and plaintiffs' proposed class members are entitled to

27    any legal or equitable relief as alleged in said paragraphs of the Complaint, or to any

28    award of costs or attorneys' fees.

3.  Answering paragraphs 11 through 16, 65, 71, 86, and 119 of the Complaint, defendants lack information and belief as to the facts alleged therein to form a belief as to the truth thereof, and upon that basis deny the material allegations of fact asserted in said paragraphs.

4.  Answering paragraphs 66, 84, 93, 101, 111, and 117 of the Complaint, defendants admit that said paragraphs purport to reincorporate and allege all preceding numbered paragraphs of the Complaint, and deny each and every other material allegation of fact asserted therein.

5.  Answering paragraphs 17 and 70 of the Complaint, defendants admit that the City of Los Angeles is a "public entity" as that phrase is used in Title II of the Americans with Disabilities Act.

6.  Answering paragraphs 67, 68, 69, 94, 102, and 118 of the Complaint, defendants admit that the quotations excerpted from the statutes are accurate.

7.  Defendants generally and specifically deny each and every other material allegation of fact in the Complaint not addressed above in paragraphs 1 through 6 of this Answer.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

8.  The Complaint fails to state any claim or claims upon which relief may be granted against any of the defendants.

### Second Affirmative Defense

9.  The action is barred by laches and statute of limitations.

### Third Affirmative Defense

10.  Some or all of Plaintiffs' claims are not ripe for adjudication.

### Fourth Affirmative Defense

11.  The action is barred by failure to exhaust administrative remedies.

### Fifth Affirmative Defense

12.  The equitable action is barred by unclean hands.

1

### Sixth Affirmative Defense

2    13.  The individually-named plaintiffs are neither real parties in interest

3 themselves, nor do they have standing to seek the equitable relief sought for the proposed

4 plaintiff class members.

5

### Seventh Affirmative Defense

6    14.  Plaintiffs' complaint is replete with allegations that are vague, argumentative,

7 and conclusory in nature and require no responsive pleadings under the Federal Rules of

8 Civil Procedure.  All such allegations are denied.

9

### Eighth Affirmative Defense

10    15.    The injuries and damages Plaintiffs complain of, if any, resulted from the

11 acts and/or omissions of others, and without any fault on the part of these answering

12 defendants.

13

### Ninth Affirmative Defense

14    16.    Defendants are not required to undertake the alteration of existing facilities

15 or construction of new facilities sought by Plaintiffs as such actions would result in undue

16 financial and administrative burdens.

17

### Tenth Affirmative Defense

18    16.  All actions by defendants, or their employees, agents or representatives were

19 undertaken in good faith and with the reasonable belief that said actions were valid,

20 necessary and constitutionally proper.

21

### Eleventh Affirmative Defense

22    17.  Defendants' acts were privileged under applicable statutes and case law.

23

### Twelfth Affirmative Defense

24    18.  Plaintiffs failed to comply with Government Code section 905, et seq.

25

### Thirteenth Affirmative Defense

26    19.  Plaintiffs' claims are barred, in whole or part, by the doctrine of waiver.

27

### Fourteenth Affirmative Defense

28    20.  Some or all of Plaintiffs' claims are moot.

**Fifteenth Affirmative Defense**

21. Defendants are immune from liability pursuant to California Government Code sections 815, 815.2, 815.6, 820.2, 820.4, 820.8 and 821.

**Sixteenth Affirmative Defense**

. 22. Neither the facts nor applicable law support certification of the proposed plaintiff class under FRCP Rule 23(a) or 23(b)(2), or any other law or rule.

WHEREFORE defendants pray that this matter be set for trial, and that Judgment be entered in defendants' favor as follows:

1. That plaintiffs and plaintiff class members, if any, take no legal or equitable relief by this suit, and that this action be dismissed with prejudice;

2. That defendants be awarded their costs of defense, including reasonable attorneys fees as provided by law;

3. That this Court award defendants such affirmative relief deemed necessary and proper.

Date:  December 8, 2010

**CARMEN A. TRUTANICH, City Attorney**
**GARY G. GEUSS, Chief Assistant City Attorney**
**LAURIE RITTENBERG, Assistant City Attorney**
**GABRIEL S. DERMER, Deputy City Attorney**

_____/s/_____
**By GERALD M. SATO, Deputy City Attorney**

**ANSWER**