1  PAULA D. PEARLMAN (SBN 109038)
   Paula.Pearlman@lls.edu
2  SHAWNA L. PARKS (SBN 208301)
   Shawna.Parks@lls.edu
3  SURISA E. RIVERS (SBN 250868)
4  Surisa.Rivers@lls.edu
   DISABILITY RIGHTS LEGAL CENTER
5  919 Albany Street
   Los Angeles, California 90015
6  Telephone: (213)-736-1031
   Facsimile: (213)-736-1428
7
8  Guy B. Wallace (SBN 176151)
   gwallace@schneiderwallace.com
9  Mark T. Johnson (SBN 076904)
   mjohnson@schneiderwallace.com
10 Andrew P. Lee (SBN 245903)
   alee@schneiderwallace.com
11 SCHNEIDER WALLACE
   COTTRELL BRAYTON KONECKY LLP
12 180 Montgomery Street, Suite 2000
   San Francisco, CA 94104
13 Tel. (415) 421-7100; Fax: 415-421-7105

14 Attorneys for Plaintiffs MARK WILLITS,
   *et al.* and Class

15              **UNITED STATES DISTRICT COURT**
16              **CENTRAL DISTRICT OF CALIFORNIA**

17 | MARK WILLITS, JUDY GRIFFIN, | Case No.: CV 10-05782 CBM (RZx)
18 | BRENT PILGREEN, and COMMUNITIES ACTIVELY | **DISCOVERY MATTER**
19 | LIVING INDEPENDENT AND FREE ("CALIF"), on behalf of | **PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF**
20 | themselves and all others similarly situated, | **MOTION TO COMPEL DISCOVERY FROM CITY OF LOS ANGELES**
21 | Plaintiffs, | Date: June 6, 2011
22 | vs. | Time: 10:00 a.m.
   | | Court: 540
23 | CITY OF LOS ANGELES, a public entity, et al., | Discovery Cut Off: October 30, 2011
24 | Defendants. | Pre-trial Conference: April 2, 2012
   | | Trial Date: May 15, 2012
25
26
27
28 `

Pursuant to Central District Local Rule 37-2.3, Plaintiffs submit this supplemental memorandum in support of their Motion To Compel Discovery From Defendant City of Los Angeles ("Defendant").  Because the City has yet to comply with its discovery obligations, an order from this Court against the County is necessary and appropriate.  *See Kinetic Concepts Inc. v. Convatec Inc.*, WL 1912245 *1, *19-20 1:08CV00918 2010 (M.D.N.C.  May 12, 2010)  (holding motion to compel was not premature because "the promise to continue to search for records and supplement one's responses in the future, is a completely inadequate response to a long standing discovery request…") (internal citations and quotations omitted).

### A. Defendant Has Failed to Provide Any Legitimate Reason for Its Failure to Comply with Its Discovery Obligations.

Defendant fails to provide any basis for its failure to produce a single document or response to date. Rather, Defendant seeks more time because of its decision to assign only one attorney "to devote time to the *Willits* federal class action" who is also "assigned to represent the City in other ongoing civil litigation, as well." Joint Stip., p. 30, ll. 3-6.  Defendant's decision to under staff the present litigation does not provide sufficient justification to warrant the extension requested by Defendant.  Moreover, this case has been pending since August of 2010. The requests at issue are basic discovery, requesting information that is fundamental to the claims in this matter. Thus, as part of its investigation into this case, Defendant's counsel should presumably already have been looking for much of this information, even before Plaintiffs issued formal discovery requests.

Although Defendant acknowledges that Plaintiffs' discovery requests are not "administratively burdensome," (Joint Stip., p. 29, ll. 12-13), Defendant makes the unfounded allegation that "plaintiffs' motion appears to have been motivated by no more than a misguided attempt to . . . preempt any attempt by the City to seek a

protective order motion granting [sic] an extension." *See id.* at p. 33, ll. 4-7. Defendant had over a month to review Plaintiffs' discovery requests and move for a protective order under Fed. R. Civ. P. 26(c)(1) to limit the scope of said discovery or specify the terms, including the time and place, had Defendant believed such motion was necessary. Not only did Defendant not move for such a protective order, it withdrew all of its objections to the scope of the discovery at issue, leaving only the time for responding in dispute.

### B. Plaintiffs' Last Proposal Included Allowing Defendant Additional Time to Respond to Discovery As Long As Defendant Produced *Some* Documents and Responses to Interrogatories Prior to June 1, 2011.

Defendant mistakenly asserts that Plaintiffs provided no last proposal to resolve the discovery dispute without the necessity of the present motion. *See Joint Stipulation*, p. 4, ll. 12-15. However, Plaintiffs agreed to provide the City an extension to produce *some* documents and were amenable to receiving further documents from the City as they became available, which Plaintiffs expressed in an April 6, 2011 email to Defendant's Counsel. *See* Email sent from Surisa Rivers to Gerald Sato on April 6, 2011, attached as Exhibit A to Rivers Supplemental Declaration. However, given the time frames for litigation in this matter, Plaintiffs could not realistically agree to a two month extension on such basic discovery.[1] Therefore, Defendant's assertion that Plaintiffs' provided no alternate solution to resolve the discovery dispute is without merit.

/ / /

/ / /

/ / /

---

[1] At the scheduling conference in this matter, both sides requested a longer period for discovery than was ultimately granted. In denying the parties' request, Judge Marshall indicated that she would consider requests for extension in the future should the parties demonstrate that additional time is necessary. Plaintiffs can only do that, should it be necessary, if they diligently pursue information in discovery.

### C. Plaintiffs Have Already Been Prejudiced By Defendants' Unsupported Refusal to Produce Any Documents Or Substantive Responses to Interrogatories.

Rather than provide sufficient justification for its failure to comply with its discovery obligations, Defendants request the Court for an extension for the discovery, claiming that "plaintiffs will not suffer prejudice to their ability to prosecute the present class action." Joint Stip., p. 30, ll. 21-22.  However, Plaintiffs have already been prejudiced in their ability to prosecute the present action, as discussed in the Joint Stipulation.  Plaintiffs' outstanding discovery is threshold discovery, which is necessary to obtain information to conduct further discovery. Moreover, Plaintiffs purposefully issued this written discovery prior to noticing depositions so that Plaintiffs could conduct depositions utilizing the obtained information.

Based on the broad scope and complexity of this action, Plaintiffs need the entire allotted time for discovery (ending on October 30, 2011) to prosecute their claims. By failing to provide *any* information Defendant has essentially postponed the discovery phase of litigation by nearly two months. Indeed, as of the filing of this supplemental memorandum, nearly11 weeks after issuing discovery to Defendant, Plaintiffs have yet to receive a *single* document in discovery.  *See* Rivers Decl., ¶ 4.

Plaintiffs have also been prejudiced because they have been forced to devote many hours to compel responses from Defendant, which instead could have been spent towards proving the merits of their case.

### D. Defendant's Unreasonable Delay of Production of Documents and Responses to Interrogatories Resulted in the Motion to Compel.

Defendant's argue that "plaintiffs' predatory desire to impose additional time burdens" on Defendant in an effort to interfere with Defendant's ability to respond

to discovery because of "plaintiffs' scorched earth treatment of objections which the City is not asserting and discussion of settlement proceedings in "unrelated state court cases." Joint Stip., p. 33, ll. 7-10. Such argument is both illogical and without merit. First, Plaintiffs would not take actions to needlessly burden Defendant, especially if such actions would cause prejudice to Plaintiffs themselves. Therefore, it is illogical to believe that Plaintiffs would take any actions to prevent Defendant from responding to Plaintiffs' discovery requests. Second, as explained in the Joint Stipulation, Plaintiffs addressed the objections originally brought by Defendant out of an abundance of caution, as Plaintiffs could not predict whether Defendant would rely on those objections for purposes of the motion to compel. With regards to the discussion of the *Carter/Fahmie* settlement, Plaintiffs believe that it is important for the Court to know the existence of these state cases as they relate to the *Willits* matter to the extent that Defendant is attempting to release certain claims of the *Willits* Class in the *Carter/Fahmie* settlement while at the same time withholding information relevant to those claims in the *Willits* case.

In addition, it is worth noting that Defendant's counsel informed the Court in the parties Joint 26(f) Report that the City intends to move for a stay if the *Carter/Fahmie* settlement is approved. Based upon these representations by Defendant with regards to the *Carter/Fahmie* state cases, it is reasonable for Plaintiffs to interpret Defendant's wholesale failure to respond to discovery and ongoing gamesmanship (with regards to making and then withdrawing unfounded objections and vague promises of what discovery the City is able to produce) as efforts to delay discovery while the City attempts to limit Plaintiffs' claims through the *Carter/Fahmie* state court proceedings.

Based on the City's unreasonable and unfounded delay, Plaintiffs' request the Court to order the City to immediately provide supplemental and complete

responses to the Requests at issue and award reasonable attorneys' fees to Plaintiffs for having to bring the present motion to compel discovery responses from the City.

DATED: May 16, 2011                    Respectfully Submitted,

DISABILITY RIGHTS LEGAL CENTER

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

By:  /s/
    Surisa E. Rivers
    Attorneys for Plaintiffs