Carmen A. Trutanich, City Attorney (SBN: 86629)
Gary G. Geuss, Chief Assistant City Attorney (SBN: 128022)
Laurie Rittenberg, Assistant City Attorney (SBN: 106683)
laurie.rittenberg@lacity.org
200 N. Main Street, City Hall East, 9th Floor, Room 916
Los Angeles, CA 90012-4129
Telephone: (213) 473-6875/Facsimile: (510) 473-6818

Kimberly E. Colwell, Esq. (SBN: 127604)
kcolwell@meyersnave.com
Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@meyersnave.com
Kimberly M. Drake, Esq. (SBN: 209090)
kdrake@meyersnave.com
Britt K. Strottman, Esq. (SBN: 209595)
bstrottman@meyersnave.com
Eric Casher, Esq. (SBN: 248875)
ecasher@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA 94607
Telephone: (510) 808-2000/Facsimile: (510) 444-1108

Attorneys for Defendant CITY OF LOS ANGELES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WILLITS, JUDY GRIFFIN, BRENT PILGREEN and COMMUNITIES ACTIVELY LIVING INDEPENDENT AND FREE ("CALIF"), on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, a public entity; ANTONIO VILLARAIGOSA, in his official capacity as Mayor; ERIC GARCETTI, in his official capacity as President of the Los Angeles City Council; ED REYES, PAUL KREKORIAN, DENNIS P. ZINE, TOM LABONGE, PAUL KORETZ, TONY CARDENAS, RICHARD ALARCON, BERNARD PARKS, JAN PERRY, HERB J. WESSON, JR., BILL ROSENDAHL, GREIG SMITH, JOSE HUIZAR, AND JANICE HAHN, in their official capacities as members of the Los Angeles City Council,<br><br>Defendants. | Case No: CV10-5782 CBM-RZ<br><br>**DEFENDANT CITY OF LOS ANGELES' AMENDED ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY** |

Defendant CITY OF LOS ANGELES hereby files its Amended Answer to facts in the Complaint of Plaintiffs MARK WILLITS, et al.

## JURISDICTION AND VENUE

1.     In answer to paragraph 1 of the Complaint, Defendant admits this Court has jurisdiction over the claims alleged in Plaintiffs' Complaint.  Defendant denies each and every remaining allegation of this paragraph.

2.     In answer to paragraph 2 of the Complaint, Defendant admits that jurisdiction is proper.

## INTRODUCTION

3.     In answer to paragraph 3 of the Complaint, Defendant admits that the City of Los Angeles and the City Council are named as Defendants in the Complaint. Defendant denies the remaining allegations therein.

4.     In answer to paragraph 4 of the Complaint, Defendant denies the allegations therein.

5.     In answer to paragraph 5 of the Complaint, including subparts (a) through (j), Defendant denies the allegations therein on information and belief.

6.     In answer to paragraph 6 of the Complaint, Defendant denies the allegations therein on information and belief.

7.     In answer to paragraph 7 of the Complaint, Defendant denies the allegations therein on information and belief.

8.     In answer to paragraph 8 of the Complaint, including subparts (a) through (d), Defendant denies the allegations therein on information and belief.

9.     In answer to paragraph 9 of the Complaint, Defendant denies the allegations therein.

10.     In answer to paragraph 10 of the Complaint, Defendant admits that Plaintiffs have correctly described their allegations, however, Defendant denies that said allegations are true.

///

1

# PARTIES

11.     In answer to paragraph 11 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

12.     In answer to paragraph 12 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

13.     In answer to paragraph 13 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

14.     In answer to paragraph 14 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

15.     In answer to paragraph 15 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

16.     In answer to paragraph 16 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

17.     In answer to paragraph 17 of the Complaint, Defendant admits that the City of Los Angeles is a "public entity" as that phrase is used in Title II of the Americans with Disabilities Act.

18.     In answer to paragraph 18 of the Complaint, Defendant admits that the City of Los Angeles is governmental entity.  The remaining allegation of the paragraph are so vague and ambiguous as to make Defendant unable to admit or deny the allegations therein.

19.     In answer to paragraph 19 of the Complaint, Defendant admits that Plaintiffs have identified by name the Mayor and City Council at the time the Complaint was filed.  Defendant denies the remaining allegations therein based on information and belief.

20.     In answer to paragraph 20 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

21.     In answer to paragraph 21 of the Complaint, Defendant admits that Plaintiffs are referring to Defendants collectively in the Complaint.

Def C/Los Angeles' Amended Answer to Plaintiffs' Complaint; Demand for Jury [CV10-5782 CBM-RZ]

22.     In answer to paragraph 22 of the Complaint, Defendant admits that Plaintiffs are referring to Defendants collectively in the Complaint.

## FACTS APPLICABLE TO ALL CLAIMS

23.     In answer to paragraph 23 of the Complaint, including subparts (a) through (d), Defendant denies the allegations therein on information and belief.

24.     In answer to paragraph 24 of the Complaint, Defendant denies the allegations therein on information and belief.

25.     In answer to paragraph 25 of the Complaint, Defendant denies the allegations therein on information and belief.

26.     In answer to paragraph 26 of the Complaint, Defendant denies the allegations therein on information and belief.

27.     In answer to paragraph 27 of the Complaint, Defendant denies the allegations therein on information and belief.

28.     In answer to paragraph 28 of the Complaint, Defendant denies the allegations therein.

29.     In answer to paragraph 29 of the Complaint, Defendant denies the allegations therein on information and belief.

30.     In answer to paragraph 30 of the Complaint, Defendant denies the allegations therein on information and belief.

31.     In answer to paragraph 31 of the Complaint, Defendant denies the allegations therein on information and belief.

32.     In answer to paragraph 32 of the Complaint, Defendant denies the allegations therein on information and belief.

33.     In answer to paragraph 33 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

34.     In answer to paragraph 34 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

///

Def C/Los Angeles' Amended Answer to Plaintiffs' Complaint; Demand for Jury [CV10-5782 CBM-RZ]

35     In answer to paragraph 35 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

36.     In answer to paragraph 36 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

37.     In answer to paragraph 37 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

38.     In answer to paragraph 38 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

39.     In answer to paragraph 39 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

40.     In answer to paragraph 40 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

41.     In answer to paragraph 41 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

42.     In answer to paragraph 42 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

43.     In answer to paragraph 43 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

44.     In answer to paragraph 44 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

45.     In answer to paragraph 45 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

46.     In answer to paragraph 46 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

47.     In answer to paragraph 47 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

48.     In answer to paragraph 48 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

49.     In answer to paragraph 49 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

50.     In answer to paragraph 50 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

51.     In answer to paragraph 51 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

52.     In answer to paragraph 52 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

53.     In answer to paragraph 53 of the Complaint, Defendant denies the allegations therein based on information and belief.

54.     In answer to paragraph 54 of the Complaint, Defendant admits Plaintiffs correctly state what they seek, however, Defendant denies that they are entitled to said relief.

## CLASS ACTION ALLEGATIONS

55.     In answer to paragraph 55 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

56.     In answer to paragraph 56 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

57.     In answer to paragraph 57 of the Complaint, Defendant denies the allegations therein.

58.     In answer to paragraph 58 of the Complaint, Defendant denies the allegations therein.

59.     In answer to paragraph 59 of the Complaint, Defendant denies the allegations therein based on information and belief.

60.     In answer to paragraph 60 of the Complaint, Defendant denies the allegations therein based on information and belief.

61.     In answer to paragraph 61 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

Def C/Los Angeles' Amended Answer to Plaintiffs' Complaint; Demand for Jury [CV10-5782 CBM-RZ]

62.     In answer to paragraph 62 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

63.     In answer to paragraph 63 of the Complaint, including subparts (a) through (f), Defendant denies the allegations therein based on a lack of information and belief.

64.     In answer to paragraph 64 of the Complaint, including subparts (a) through (f), Defendant denies the allegations therein based on information and belief.

65.      In answer to paragraph 65 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

## FIRST CAUSE OF ACTION

### The Americans With Disabilities Act

### (Against All Defendants)

### 42 U.S.C. § 12101 *et seq.*

66.     In answer to paragraph 66 of the Complaint, Defendant realleges its answers to paragraphs 1 through 65 above as though fully set forth herein.

67.     In answer to paragraph 67 of the Complaint, Defendant admits the quoted language is an accurate quotation.

68.     In answer to paragraph 68 of the Complaint, Defendant admits the quoted language is an accurate quotation.

69.     In answer to paragraph 69 of the Complaint, Defendant admits the quoted language is an accurate quotation.

70.     In answer to paragraph 70 of the Complaint, Defendant admits that the City of Los Angeles is a "public entity" as that phrase is used in Title II of the Americans with Disabilities Act.

71.     In answer to paragraph 71 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

72.     In answer to paragraph 72 of the Complaint, Defendant denies the allegations therein based on information and belief.

///

Def C/Los Angeles' Amended Answer to Plaintiffs' Complaint; Demand for Jury [CV10-5782 CBM-RZ]

73.     In answer to paragraph 73 of the Complaint, Defendant denies the allegations therein based on information and belief.

74.     In answer to paragraph 74 of the Complaint, Defendant denies the allegations therein based on information and belief.

75.     In answer to paragraph 75 of the Complaint, Defendant denies the allegations therein based on information and belief.

76.     In answer to paragraph 76 of the Complaint, Defendant denies the allegations therein based on information and belief.

77.     In answer to paragraph 77 of the Complaint, Defendant denies the allegations therein based on information and belief.

78.     In answer to paragraph 78 of the Complaint, Defendant denies the allegations therein based on information and belief.

79.     In answer to paragraph 79 of the Complaint, Defendant denies the allegations therein.

80.     In answer to paragraph 80 of the Complaint, Defendant denies the allegations therein.

81.     In answer to paragraph 81 of the Complaint, Defendant denies the allegations therein based on information and belief.

82.     In answer to paragraph 82 of the Complaint, Defendant denies the allegations therein.

83.     In answer to paragraph 83 of the Complaint, Defendant denies the allegations therein based on information and belief, and denies that Plaintiffs are entitled to damages or any award of attorneys' fees.

///
///
///
///
///

7

## SECOND CAUSE OF ACTION

### Section 504 of the Rehabilitation Act

### (Against All Defendants)

### 29 U.S.C. § 794 *et seq.*

84.   In answer to paragraph 84 of the Complaint, Defendant realleges its answers to paragraphs 1 through 83 above as though fully set forth herein.

85.   In answer to paragraph 85 of the Complaint, Defendant admits the quoted language is an accurate quotation.

86.   In answer to paragraph 86 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

87.   In answer to paragraph 87 of the Complaint, Defendant denies the allegations therein based on a lack of information and belief.

88.   In answer to paragraph 88 of the Complaint, Defendant denies the allegations therein based on information and belief.

89.   In answer to paragraph 89 of the Complaint, Defendant denies the allegations therein.

90.   In answer to paragraph 90 of the Complaint, Defendant denies the allegations therein based on information and belief.

91.   In answer to paragraph 91 of the Complaint, Defendant denies the allegations therein.

92.   In answer to paragraph 92 of the Complaint, Defendant denies the allegations therein based on information and belief, and denies that Plaintiffs are entitled to damages or any award of attorneys' fees.

## THIRD CAUSE OF ACTION

### California Government Code § 11135

### (Against All Defendants)

93.   In answer to paragraph 93 of the Complaint, Defendant realleges its answers to paragraphs 1 through 92 above as though fully set forth herein.

94.     In answer to paragraph 94 of the Complaint, Defendant admits the quoted language is an accurate quotation.

95.     In answer to paragraph 95 of the Complaint, Defendant admits the City is a public entity entitled to certain funding, however, due to the ambiguity of the remaining claims in this paragraph, Defendant denies the allegations therein based on information and belief.

96.     In answer to paragraph 96 of the Complaint, Defendant denies the allegations therein based on information and belief.

97.     In answer to paragraph 97 of the Complaint, Defendant denies the allegations therein based on information and belief.

98.     In answer to paragraph 98 of the Complaint, Defendant denies the allegations therein based on information and belief.

99.     In answer to paragraph 99 of the Complaint, Defendant denies the allegations therein.

100.    In answer to paragraph 100 of the Complaint, Defendant denies the allegations therein.

<u>**FOURTH CAUSE OF ACTION**</u>

**Unruh Civil Rights Act**

**(Against All Defendants)**

**California Civil Code § 51 *et seq.***

101.    In answer to paragraph 101 of the Complaint, Defendant realleges its answers to paragraphs 1 through 100 above as though fully set forth herein.

102.    In answer to paragraph 102 of the Complaint, Defendant admits the quoted language is an accurate quotation.

103.    In answer to paragraph 103 of the Complaint, Defendant denies the allegations therein based on information and belief.

104.    In answer to paragraph 104 of the Complaint, Defendant denies the allegations therein based on information and belief.

9

105.   In answer to paragraph 105 of the Complaint, Defendant denies the allegations therein.

106.   In answer to paragraph 106 of the Complaint, Defendant denies the allegations therein.

107.   In answer to paragraph 107 of the Complaint, Defendant denies the allegations therein based on information and belief.

108.   In answer to paragraph 108 of the Complaint, Defendant denies the allegations therein.

109.   In answer to paragraph 109 of the Complaint, Defendant denies the allegations therein.

110.   In answer to paragraph 110 of the Complaint, Defendant denies the allegations therein.

## FIFTH CAUSE OF ACTION

### California Government Code § 4450, *et seq.*

### (Against All Defendants)

111.   In answer to paragraph 111 of the Complaint, Defendant realleges its answers to paragraphs 1 through 110 above as though fully set forth herein.

112.   In answer to paragraph 112 of the Complaint, Defendant denies the allegations therein based on information and belief.

113.   In answer to paragraph 113 of the Complaint, Defendant denies the allegations therein.

114.   In answer to paragraph 114 of the Complaint, Defendant denies the allegations therein.

115.   In answer to paragraph 115 of the Complaint, Defendant denies the allegations therein.

116.   In answer to paragraph 116 of the Complaint, Defendant denies the allegations therein.

///

Def C/Los Angeles' Amended Answer to Plaintiffs' Complaint; Demand for Jury [CV10-5782 CBM-RZ]

## SIXTH CAUSE OF ACTION

### Violation of California Civil Code § 54

### (Against Defendants)

117.   In answer to paragraph 117 of the Complaint, Defendant realleges its answers to paragraphs 1 through 116 above as though fully set forth herein.

118.   In answer to paragraph 118 of the Complaint, Defendant admits the quoted language is an accurate quotation.

119.   In answer to paragraph 119 of the Complaint, Defendant denies the allegations therein based on a lack of  information and belief.

120.   In answer to paragraph 120 of the Complaint, Defendant contends the paragraph as pled is overbroad and vague so as to make an admission or denial of same impossible.

121.   In answer to paragraph 121 of the Complaint, Defendant denies the allegations therein.

122.   In answer to paragraph 122 of the Complaint, Defendant denies the allegations therein based on information and belief.

123.   In answer to paragraph 123 of the Complaint, Defendant denies the allegations therein.

124.   In answer to paragraph 124 of the Complaint, Defendant denies the allegations therein.

125.   In answer to paragraph 125 of the Complaint, Defendant denies the allegations therein.

126.   In answer to paragraph 121 of the Complaint, Defendant denies the allegations therein.

## PRAYER FOR RELIEF

127.   In answer to Plaintiffs' Prayer for Relief, Defendant denies Plaintiffs are entitled to any relief, damages or attorneys' fees as pled.

///

Def C/Los Angeles' Amended Answer to Plaintiffs' Complaint; Demand for Jury [CV10-5782 CBM-RZ]

## **AFFIRMATIVE DEFENSES**

Without admitting any of the allegations in the Complaint, Defendant alleges each of the following as separate affirmative defenses, expressly reserving all of their rights to allege additional defenses, and/or to seek leave of Court to amend to allege additional defenses, when and if facts supporting such defenses become known to them.

### **FIRST AFFIRMATIVE DEFENSE**

The Complaint for damages fails to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part because the City's services, programs and activities in question in this action, when viewed in their entirety, are accessible to persons with disabilities.

### **THIRD AFFIRMATIVE DEFENSE**

The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part because the City has provided reasonable access to its services, programs and activities.

### **FOURTH AFFIRMATIVE DEFENSE**

The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part on the ground and to the extent that Plaintiffs' requested modifications of policies, practices or procedures unreasonable and/or unnecessary to avoid discrimination on the basis of disability.

### **FIFTH AFFIRMATIVE DEFENSE**

The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part because Defendant has completely or substantially complied with all applicable requirements.

///

///

### SIXTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part because Defendant is not obligated to remove the barriers alleged in the Complaint to the extent that the facilities at issue were constructed and/or modified before the effective date of any law or regulation prohibiting the existence of any such alleged barrier.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part on the ground and to the extent that the relief sought by Plaintiffs would result in an undue financial or administrative burden.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part because Plaintiffs' injury or injuries, if any, was/were caused by third parties acting outside the scope of agency, employment or control of Defendant, including without limitation third parties who own or control the property on which Plaintiffs seek remediation or third parties who own or control adjoining property.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to the injunctive relief sought against Defendant as they have failed to join necessary parties to the action to effect such relief, including without limitation third parties who own or control the property on which Plaintiffs seek remediation or third parties who own or control adjoining property.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action for violation of Government Code Sections 4450, *et seq.* and 11135, *et seq.* fail as a matter of law because no private right of action exists to enforce these statutory provisions.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action for violation of Civil Code Sections 51, *et seq.* fail as a matter of law because Defendant is not a "business establishment."

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover on the claims for relief under Civil Code Sections 51, *et seq.* because Defendant has not engaged in any intentional discrimination.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover the damages sought in the Complaint because their use and enjoyment of the facilities and services, programs and activities in question was not denied or interfered with by Defendant or by any other party.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred on the ground and to the extent that Defendant has not violated any applicable federal, state or municipal disability access laws.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to bring and/or recover on their Complaint because they have failed to discharge each of the conditions precedent to suit, including without limitation by failing to file a claim in accordance with Sections 910 and 945.4 of the California Government Code.

## SIXTEENTH AFFIRMATIVE DEFENSE

With respect to each and every allegation in the Complaint, as they relate to the request for a preliminary injunction, such an injunction is not appropriate because:  (a) there is no imminent threat of irreparable injury; (b) there is no likelihood of prevailing on the merits; and (c) the balancing of competing interests weigh in Defendant's favor.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' prayer for injunctive relief is moot and/or will be by the time this matter is adjudicated.

## EIGHTEENTH AFFIRMATIVE DEFENSE

With respect to each and every allegation in the Complaint, as they relate to the request for class certification, class certification is not appropriate because there is a

lack of: (a) commonality of community of interest; (b) typicality; (c) an ascertainable class; (d) adequate representation; (e) appropriateness of relief to the putative class as a whole; (f) predominance of common questions over questions affecting individual class members; (g) substantial benefit to the litigants and the Court; and (h) superiority of a class action to other available methods for fair and efficient adjudication.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering damages, or securing an injunction, against the individually named Defendants because there is no individual liability under any of the theories alleged by Plaintiffs.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to seek some or all of the injunctive relief sought in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged in the Complaint, is barred to the extent that it relies on events that occurred before the period captured by the running of the applicable statute of limitations.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Complaint is barred to the extent the alleged violations of law are excused or justified under the statutes under which Plaintiffs have sued.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged in the Complaint, fails because Plaintiffs have waived any right to recovery by taking actions that are inconsistent with the ownership and exercise of the rights claimed in the Complaint.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred because Section 54 of the Civil Code exclusively governs the conduct or omissions alleged in the Complaint.

///

///

Def C/Los Angeles' Amended Answer to Plaintiffs' Complaint; Demand for Jury [CV10-5782 CBM-RZ]

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred on the ground and to the extent that Plaintiffs have suffered no injury in fact with respect to the facts alleged in the Complaint.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering monetary damages to the extent that they failed to mitigate, and failed to reasonably attempt to mitigate, their damages as required by law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover attorneys' fees from Defendant as alleged in the Complaint. In the alternative, to the extent that Plaintiffs are entitled to recover attorneys' fees or costs, such fees and costs are barred on the ground and to the extent that they were not reasonably incurred or were incurred at an excessive rate.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover attorneys' fees for failure to satisfy the necessary elements of prevailing on a claim for attorneys' fees under the statutes alleged.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged in the Complaint, is barred because granting the relief sought by Plaintiffs would constitute or result in a fundamental alteration in the nature of the programs, services or activities offered by Defendant.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring a private right of action to challenge the adequacy of and/or enforce and/or compel the creation or modification of the City's self-evaluation or transition plans.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged in the Complaint, is barred to the extent that it relies on any alleged failure of the City of Los Angeles to

comply with the self-evaluation and/or transition plan requirements in 28 C.F.R. §§ 35.105, 35.150(d) because such regulations exceed the scope of the rulemaking authority granted to the regulators by Congress under the enabling legislation (42 U.S.C. § 12134(a)).

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged in the Complaint, is barred to the extent the relief sought by Plaintiffs would purport to vest the judiciary with the power, right or ability to expend public funds and/or deprive the City's legislative branch of the right to exercise its discretion to expend public funds.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' prayer for damages under Section 54.3 of the California Civil Code is barred because the City is not a "person, firm or corporation" within the meaning of that statute.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged in the Complaint, is barred on the grounds and to the extent that it seeks a gift of public funds for a private purpose in violation of the California Constitution.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

The City is immune from liability to Plaintiffs' claims in this action to the full extent mandated by Section 815 of the California Government Code.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

The City is immune from liability to Plaintiffs' claims in this action to the full extent mandated by Section 815.2 of the California Government Code.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The City is immune from liability to Plaintiffs' claims in this action to the full extent mandated by Section 815.6 of the California Government Code.

///

///

Def C/Los Angeles' Amended Answer to Plaintiffs' Complaint; Demand for Jury [CV10-5782 CBM-RZ]

## THIRTY-EIGHT AFFIRMATIVE DEFENSE

Plaintiffs' prayer for damages above and beyond actual, compensatory damages is barred on the ground that any such award would violate Section 818 of the California Government Code.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged in the Complaint, is barred on the ground and to the extent that it seeks to impose liability or secure relief for an injury caused by Defendant's adopting or failing to adopt an enactment or by failing to enforce any law in violation of Section 818.2 of the California Government Code.

## FORTIETH AFFIRMATIVE DEFENSE

Pursuant to Section 820.2 of the California Government Code, the individual Defendants are immune from liability, and Plaintiffs' Complaint is barred to the extent it seeks relief, for any injury resulting from any individual Defendant's act or omission resulting from the exercise of the discretion vested in such individual Defendant by virtue of his or her respective office.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Pursuant to Section 820.4 of the California Government Code, the individual Defendants are immune from liability, and Plaintiffs' Complaint is barred to the extent it seeks relief, for any injury resulting from any individual Defendant's act or omission, exercising due care, in the execution or enforcement of any law.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Pursuant to Section 820.8 of the California Government Code, the individual Defendants are immune from liability, and Plaintiffs' Complaint is barred to the extent it seeks relief, for any injury resulting from the individual Defendant's act or omission resulting from the act or omission of any third party.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Pursuant to Section 820.9 of the California Government Code, the individual Defendants are immune from liability, and Plaintiffs' Complaint is barred to the extent

it seeks relief, for any injury caused by the act or omission of the City, the City Council, or any other public entity or advisory body.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Pursuant to Section 820.9 of the California Government Code, the individual Defendants are immune from liability, and Plaintiffs' Complaint is barred to the extent it seeks relief, for any injury caused by the adoption or failure to adopt an enactment or by the failure to enforce an enactment.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiffs are barred as violative of the Tenth Amendment to the United States Constitution as an unfunded mandate of Congress that unlawfully and improperly usurps legislative, taxing and fiscal powers left to the States and their instrumentalities, including with limitation the City and its duly-elected and duly-appointed officers.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiffs are barred on the ground and to the extent that it exceeds the powers vested in Congress under Article I, Section 8 of the United States Constitution to regulate interstate commerce.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from maintaining this action by the principals of estoppel and/or res judicata.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from maintaining this action because the action is barred by the applicable statutes of limitations.

### FORTY-NINTH AFFIRMATIVE DEFENSE

The action is barred by failure to exhaust administrative remedies.

### FIFTIETH AFFIRMATIVE DEFENSE

The equitable action is barred by the doctrine of unclean hands.

///

Def C/Los Angeles' Amended Answer to Plaintiffs' Complaint; Demand for Jury [CV10-5782 CBM-RZ]

## FIFTY-FIRST AFFIRMATIVE DEFENSE

The individually-named Plaintiffs are neither real parties in interest themselves, nor do they have standing to seek the equitable relief sought for the proposed Plaintiff class members.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is replete with allegations that are vague, argumentative, and conclusory in nature and require no responsive pleadings under the Federal Rules of Civil Procedure.  All such allegations are denied.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

The injuries and damages Plaintiffs complain of, if any, resulted from the acts and/or omissions of others, and without any fault on the part of this answering Defendant.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

Defendant is not required to undertake the alteration of existing facilities or construction of new facilities sought by Plaintiffs as such actions would result in undue financial and administrative burdens.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

All actions Defendant, or their employees, agents or representatives were undertaken in good faith and with the reasonable belief that said actions were valid, necessary and constitutionally proper.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

Defendant's acts were privileged under applicable statutes and case law.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or part, by the doctrine of waiver.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are moot.

///

///

## FIFTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs claims herein are precluded due to their impermissibly splitting their claims and causes of action into multiple litigations.

## SIXTIETH AFFIRMATIVE DEFENSE

Defendant is immune from Plaintiffs' claims pursuant to its adoption and implementation of a reasonable transition plan.

## SIXTY-FIRST AFFIRMATIVE DEFENSE

Defendant, at all times, acted in good faith, without malice and under the reasonable belief that their actions were lawful.  Accordingly, Defendant is entitled to qualified immunity herein.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

Defendant is immune from liability as there is no duty to enforce the law.

## <u>JURY DEMAND</u>

Defendant hereby demands trial by jury.

## <u>PRAYER</u>

WHEREFORE, Defendant prays for relief as follows:

1.      That Plaintiffs and Plaintiff Class Members take nothing by reason of their Complaint for damages;

2.      That judgment be entered in favor of Defendant City of Los Angeles;

3.      For costs of suit incurred herein; and

4.      For such other and further relief as the Court deems just and proper.

Dated:  June 20, 2011          Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON

By:_____/s/  Kevin E. Gilbert_____
            Kevin E. Gilbert
            Attorney for Defendant
            CITY OF LOS ANGELES

1645276_1.DOC

Def C/Los Angeles' Amended Answer to Plaintiffs' Complaint; Demand for Jury [CV10-5782 CBM-RZ]