Guy B. Wallace, State Bar No. 176151
gwallace@schneiderwallace.com
Mark T. Johnson, State Bar No. 76904
mjohnson@schneiderwallace.com
SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 421-7100; Fax: (415) 421-7105

PAULA D. PEARLMAN (SBN 109038)
Paula.Pearlman@lls.edu
SHAWNA L. PARKS (SBN 208301)
Shawna.Parks@lls.edu
SURISA E. JOHNSON (SBN 250868)
Surisa.Johnson@lls.edu
DISABILITY RIGHTS LEGAL CENTER
800 South Figueroa Street, Suite 1120
Los Angeles, CA 90017
Telephone: (213) 736-1031
Facsimile: (213) 736-1428

Attorneys for Plaintiffs and Proposed Class

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WILLITS, JUDY GRIFFIN, BRENT PIILGREEN, and CALIF, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>CITY OF LOS ANGELES, a public entity, et al.,<br><br>Defendants. | Case No: CV 10-05782 CBM (RZx)<br><br>CLASS ACTION<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Hearing date: January 23, 2012<br>Time: 10:00 a.m.<br>Court: 540<br><br>Discovery Cutoff date: April 30, 2012<br>Pretrial Conference date: October 1, 2012<br>Trial date: November 13, 2012 |

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
*WILLITS ET AL. V. CITY OF LOS ANGELES, ET AL.*, CASE NO. CV 10-05782 CBM (RZx)

Pursuant to Local Rule 37-2.3, Plaintiffs submit this supplemental response in support of their motion to compel supplemental responses to document requests. At issue on that motion, scheduled for hearing on Monday, January 23, 2011, are: (1) Defendant's failure certify that it has exercised reasonable diligence in searching for and producing responsive documents, and (2) Defendant's refusal to search for and produce responsive electronically stored information, including, in particular, email correspondence and attachments.

### A.   The City's Failure to Verify that it has Produced all Responsive Documents that Could be Located by Means of a Diligent Search of Its Files

Prior to the preparation and service of their portion of the joint stipulation in support of this motion to compel, Plaintiffs repeatedly asked Defendant to state unequivocally that it had engaged in a diligent search of its records and produced documents responsive to Plaintiffs document requests. Neither Defendants formal responses and supplemental responses nor its counsel's correspondence in response to Plaintiffs' meet and confer efforts provided such assurances. To the contrary, the City's responses merely stated that it would produce responsive documents if and when they were located. In the meantime, the deposition testimony of Defendant's employees repeatedly confirmed that no such search had been undertaken, by identifying obviously responsive documents that should have been produced long before those depositions were noticed.[1]

It was not until after Plaintiffs prepared and provided their part of the Rule 37

---

[1] For these reasons, Plaintiffs initiated other discovery to determine the adequacy of Defendant's efforts to locate and produce documents responsive to their document requests. Specifically, Plaintiffs noticed and took the City's deposition under Rule 30(b)(6) on topics that included the actions taken by the City to search for responsive emails and email attachments. The City's designated witness, Kevin Crawford, was not prepared to testify on that topic with respect to actions taken outside of his own agency and the City failed to follow through on a subsequent agreement to provide the necessary information in a verified statement. Accordingly, Plaintiffs are in the process of preparing another discovery motion to compel further deposition testimony on this topic. Supplemental Johnson Decl., ¶ 5.

stipulation that the City even attempted to address this issue. Only then, after requesting and receiving a lengthy extension of time within which to provide its portion of the stipulation, did the City serve supplemental responses. Those responses now included superficial and unverified statements of diligence. On the basis these self-serving supplemental responses, Defendant now contends that this part of Plaintiffs' motion to compel is moot. That contention is incorrect.

First, the supplemental responses on which the City basis its mootness argument are not signed or verified by any City employee purporting to have personal knowledge of the statements in the responses. They are signed only by counsel. Supplemental Declaration of Mark T. Johnson in Support of Motion to Compel, Exhs. A and B. Nor has the City submitted any employee declaration in support of its opposition to the motion to compel describing the efforts that have been taken to locate responsive documents or even asserting that diligent efforts have been undertaken. Again, only the declaration of counsel is submitted, which states only that the supplemental responses were served and repeats the text of those responses. Thus, the City has still failed to assure this Court or Class Counsel that it has taken reasonable steps to locate documents responsive to Plaintiffs' document requests.[2]

**B.   The City Should Be Compelled to Search For and Produce Responsive Emails and Email Attachments**

The City admits that it has not conducted any searches of its employee email system and produced any responsive email communications or email attachments resulting from such searches. It opposes Plaintiffs' request for an order that it do so on the basis of burden,

---

[2] Even the City's opposition to this motion suggests the complete absence of any systematic effort by the City to locate documents responsive to Plaintiffs' document requests. Thus, while no description is offered of the actions taken by the City thus far to locate responsive documents, the City suggests that other documents or information may "come to light from time to time" and that the Defendant is "following all leads." Joint Stipulation at 38.

including the alleged but unsubstantiated burden arising from the contention that such electronically stored information ("ESI") is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

In the first instance, this Court should reject this argument outright because the City has expressly waived any objection to any of Plaintiffs' requests for production of documents, including an objection of undue burden, by failing to timely assert those objections and by affirmatively stating that it would produce documents responsive to these requests. Indeed, Plaintiffs noted the City's failure to object to Plaintiffs document requests in their their meet and confer correspondence of October 7, 2011 (Johnson Decl., Ex. CC) and argued that the City had waived any objections in Plaintiffs' portion of the opening joint stipulation on this motion. Joint Stipulation at 24. Tellingly, the City failed even to acknowledge, much less respond to, this argument in its portion of the stipulation. Nor has it sought relief from such waiver of objections in the three months since it was first noted by Plaintiffs.

Secondly, Defendant's claim that searching for and producing emails and email attachments responsive to Plaintiffs' document requests would be burdensome, whether because they are not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B) or otherwise, is unsupported by any evidence presented by the City. In fact, the *only* evidence relied upon by the City for its burden argument is an excerpt from the deposition testimony of Kevin Crawford, from the City's information technology agency.[3] Mr. Crawford's nearly unintelligible explanation of what his agency did to determine the potential volume of emails that would be identified through a search using the agreed-upon search parameters

---

[3] Although the city makes many other factual statements in its portion of the joint statement purporting to support its burden argument, including statements about the available "manpower" and the budget of the City, the searchability of the City's old email system and the degree of involvement of certain city employees in litigation matters, none of these are supported by any citation to the record or any supporting affidavit and should, therefore, be disregarded.

offers no support whatsoever for the City's position. He fails to explain the "mathematical calculation" or "ratio" that was used to "extrapolate" the number of just under a million "hits" that would allegedly result from such a search. Further, his testimony variously suggests that the test searches performed by his agency were designed to identify *every* email sent or received by particular employees of interest or, for searches of key words other than employee names, were designed to search across the entire email "store" of 17,500 email accounts maintained by the City, something that is clearly not necessary to identify emails responsive to Plaintiffs' requests and that was never proposed by Plaintiffs' counsel. Moreover, since Mr. Crawford did not conduct these searches himself, it is unlikely he even has personal knowledge of the statements made in his deposition and the City has produced no declaration from him or anyone else indicating otherwise.[4]

      Third, the City makes no effort to explain why the purported burden of doing a comprehensive search of its email system for responsive documents justifies doing nothing at all to produce electronically stored emails and email attachments that come within the scope of Plaintiffs' document requests. Thus, although Mr. Crawford testified unequivocally that employee emails could be searched locally from employee work stations, the City has evidently not conducted such local searches, even for the emails of City employees, like Eric Taguchi, who have been deposed in this case. Even if there were any factual support for Defendant's burden argument, there is simply no excuse for doing nothing at all to identify *any* emails responsive to Plaintiffs' document requests. For example, a search of the emails of Disability Department staff for the terms "curb ramp", "access ramp" or "sidewalk" would likely identify a very manageable number of highly

---

[4] Although Mr. Crawford testified at his deposition as a Rule 30(b)(6) designated witness for the City and the City is, therefore, bound by his testimony, this fact does not relieve the City of its obligation to establish foundation and personal knowledge when using his testimony (as opposed to a declaration in which he asserts personal knowledge) as affirmative evidence to support its position.

relevant emails and attachments responsive to Document Requests Nos. 29 through 31 because they would almost certainly involve disability access issues and the pedestrian right of way.  Because the City claims that it would be burdensome to perform the precise search that it agreed to do in the meet and confer process, however, it has failed and refused to do even more modest but likely productive searches such as this.

In this regard, it must be remembered that the City's obligation is to produce documents responsive to the precise documents requests propounded by Plaintiffs.  It complains that searching for documents based upon the search parameters proposed by Plaintiffs and initially agreed to by the City have turned out to be too burdensome, but has not proposed any other search terms or combination of terms that might be just as effective in locating responsive documents.  Nor has it identified any particular search terms that might be commonly used in contexts other than disability access to the pedestrian right of way, thereby causing the results of the search to be over-inclusive.  It is Defendant that is in the best position to evaluate these factors based upon its familiarity with its own operations and employee communications.  Although Plaintiff suggested search terms and identified employees whose emails should be searched as a part of the meet and confer process, it is ultimately up to Defendant to determine how best to comply with its obligation to produce documents responsive to Plaintiffs' requests.  Refusing to conduct any searches at all and producing no responsive emails or attachments just because it now decides it does not like the search terms that it previously agreed to is a gross violation of the City's obligations under Rule 26 and Rule 34 and an abuse of the discovery process.  Accordingly, this Court should grant Plaintiffs' Motion and issue and Order requiring that Defendant conduct the necessary search of its email and email attachments and produce, in native format, documents responsive to Plaintiffs document requests.

| | | |
|---|---|---|
| 1 | Dated: January 9, 2012 | SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP |
| 2 | | |
| 3 | | By:      /s/ Mark T. Johnson |
| 4 | | Mark T. Johnson<br>Attorneys for Plaintiffs |
| 5 | | MARK WILLITS, et al. |