Paula D. Pearlman (SBN 109038)
Paula.Pearlman@lls.edu
Maria Michelle Uzeta (SBN164402)
Michelle.Uzeta@lls.edu
Surisa E. Rivers (SBN 250868)
Surisa.Rivers@lls.edu
DISABILITY RIGHTS LEGAL CENTER
800 South Figueroa Street, Suite 1120
Los Angeles, California 90017
Telephone: (213) 736-1496
Facsimile: (213) 736-1428

Guy B. Wallace (SBN 176151)
gwallace@schneiderwallace.com
Mark T. Johnson (SBN 76904)
mjohnson@schneiderwallace.com
Andrew P. Lee (SBN 245903)
alee@schneiderwallace.com
SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Attorneys for the Plaintiff Class

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WILLITS, JUDY GRIFFIN, BRENT PIILGREEN, and CALIF, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>  vs.<br><br>CITY OF LOS ANGELES, a public entity, et al.,<br><br>    Defendant. | Case No: CV 10-05782 CBM (RZx)<br><br>CLASS ACTION<br><br>**PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER STRIKING PORTIONS OF DEFENDANT'S AMENDED REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, GRANTING LEAVE TO FILE A SUR-REPLY**<br><br>Noticed hearing date: April 16, 2012<br>Time: 11:00 a.m.<br>Courtroom: 2<br>**Submitted without oral argument (Dkt. No. 123)** |

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

PLAINTIFFS' EX PARTE APPLICATION TO STRIKE PORTIONS OF AMENDED REPLY ISO DEF'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY
WILLITS ET AL. V. CITY OF LOS ANGELES, ET AL., CASE NO. CV 10-05782 CBM (RZx)

# INTRODUCTION

Pursuant to Local Rule 7-19, Plaintiffs respectfully submit this Ex Parte Application for an Order striking specific portions of Defendant's Amended Reply Brief in Support of Defendant City of Los Angeles's Motion for Judgment on the Pleadings (Dkt. No. 132) ("Reply Brief") on the bases that the brief contains new arguments on reply that are neither raised in Defendant's opening memorandum as a basis for its motion nor responsive to any argument made by Plaintiffs in their Opposition to the motion.  In the alternative, Plaintiffs seek leave to file a Sur-reply of no more than 5 pages to respond to these new arguments.

This ex parte application is necessary because Plaintiffs have no other effective and expedient remedy to address the prejudice that will result from the City raising new arguments on reply and Plaintiffs' lack of any opportunity to address those arguments before the Court considers the motion for judgment.  The motion is noticed for April 16, 2012, and is to be submitted on the papers pursuant to the Court's Order of April 2, 2012 (Dkt. No. 123).

Plaintiffs have attempted, without success, to meet and confer with Defendant about this issue since Defendant filed its over length brief (Dkt. No. 125) on April 2, 2012.  (Declaration of Mark T. Johnson in Support of Ex Parte Application for an Order Striking Portions of Defendant's Amended Reply Brief in Support of Motion for Judgment on the Pleadings or, in the Alternative, Granting Leave to File a Sur-Reply, ¶¶ 3,4, Ex. A.  ("Johnson Decl.").)  That brief included, in an expanded form, the same new arguments as contained in the Amended Reply.  It was stricken by the Court on April 6, 2012 (Dkt. No. 129) on the ground that it exceeded the page limitation established by the Court's Standing Order.  Leave was granted to file an amended reply of 11 pages on or before April 13, 2012.   Defendant's counsel declined to meet and confer with Class Counsel regarding the inclusion of new arguments on reply, and filed its Amended Reply within minutes of advising Class Counsel of Defendant's position. (Johnson Decl. ¶¶ 4, 5, Ex. A).

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

PLAINTIFFS' EX PARTE APPLICATION TO STRIKE PORTIONS OF AMENDED REPLY ISO DEF'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY
WILLITS ET AL. V. CITY OF LOS ANGELES, ET AL., CASE NO. CV 10-05782 CBM (RZx)
1

Counsel for the opposing party, the City of Los Angeles, is Kimberly E. Colwell, Esq., whose address is 555 12th Street, Suite 1500, Oakland, California. Her telephone number is (510) 809-2000 and her email address is kcolwell@meyeasnave.com.   Prior to filing this ex parte application, counsel for Plaintiffs and the class contacted Ms. Colwell to notify her of Plaintiffs' intent to file this application.  (Johnson Decl. ¶ 5).

**ARGUMENT**

It is well established that it is improper to raise new arguments in a reply brief. *United States v. Boyce*, 148 F. Supp. 2d 1069, 1085 (S.D. Cal. 2001) *aff'd*, 36 F. App'x 612 (9th Cir. 2002), *citing United States v. Bohn*, 956 F.2d 208, 209 (9th Cir.1992); *United States v. Boggi*, 74 F.3d 470, 478 (3d Cir.1996) (noting that considering arguments raised for first time in reply brief deprives opposing party of adequate opportunity to respond); *Playboy Enters., Inc. v. Dumas,* 960 F.Supp. 710, 720 n. 7 (S.D.N.Y.1997); *Roth v. BASF Corp.*, C07-106MJP, 2008 WL 2148803 (W.D. Wash. May 21, 2008) ("It is not acceptable legal practice to present new evidence or new argument in a reply brief . . .").

Defendant's Amended Reply in support of its Motion for Judgment on the Pleadings includes three arguments in support its request that Plaintiffs' claims regarding apron parking be dismissed.  None of these arguments were presented in Defendant's opening brief, which was based upon only two arguments.  Those arguments were:  (1) "[p]arking aprons are not part of programs and/or services" under the ADA, and (2) "Defendant has no duty to enforce the law."  The first of these arguments was based upon Defendant's reading of 28 C.F.R. § 35.150 as excluding parking aprons by omission from coverage under the ADA and based upon a public policy argument regarding the consequences of including allegedly privately owned parking aprons within the scope of the ADA.  The second argument regarding the absence of any duty to enforce the law was based upon the alleged applicability of certain immunity statutes under the California Government

Code. *See*, Defendant City of Los Angeles' Notice of Motion and Motion for Judgment on the Pleadings; Memorandum of Points and Authorities in Support (Def.'s Mtn) , at 16-20. Plaintiffs' Opposition responded to these specific arguments, noting that it is the pedestrian walkways, not parking aprons per se, that are covered by the ADA and that must be made accessible. Plaintiffs' also argued both the inapplicability of the immunity statutes and their inability to immunize Defendant from injunctive relief claims based upon violations of federal law.

In its Amended Reply, the City abandons the two arguments on apron parking made in its opening brief and makes three completely new arguments that do not even purport to be responsive to the arguments made by Plaintiffs in their opposition. These arguments assert that: (1) "Vehicle parking is not an 'architectural barrier' under the ADA," (2) "The Vehicle Code prohibits apron parking," and (3) [there is] "No private ADA cause of action for apron parking by others." *See* Def.'s Amended Reply at 8-11.

The first of these new arguments is based upon Defendant's erroneous interpretation of Title II of the ADA and its regulations as being limited to mandating the removal of "architectural barriers," thereby ignoring Title II's requirement that public entities provide access to its programs, services and activities, including its pedestrian walkways. It also includes a sub-argument that "temporary" barriers cannot be the basis for a violation of the ADA, an argument that is both made for the first time on reply and that is misleading and inapplicable based upon the allegations in this case, which assert a systematic practice and policy of non-enforcement of apron-parking laws rather than isolated instances of undetected violations. It is well-settled that public entities have an obligation to make reasonable modification in policies and practices if doing so is necessary to provide access to a public entity's programs, services or activities. This requirement applies regardless of whether "architectural barriers" per se are at issue. *See, e.g.*, *Tennessee v. Lane*, 541 U.S. 509, 537 (2004) ("Central to the Act's

primary objective, Congress extended the statute's range to reach all government activities, § 12132 (Title II), and required 'reasonable modifications to [public actors'] rules, policies, or practices,' §§ 12131(2)-12132."); *Crowder v. Kitigawa*, 81 F.3d 1480, 1484 (9th Cir. 1996). Plaintiffs allege that the City has failed to make such reasonable modifications in its policies and practices regarding access to its pedestrian right of way, including the City's failure to take necessary steps regarding apron parking. *See, e.g.*, Complaint at ¶¶ 23(d); 25; 58; 77. Moreover, pursuant to its obligation to maintain the accessible features of its facilities, the City must ensure that its pedestrian right of way is free of obstructions such as parked motor vehicles. 28 C.F.R. § 35.133.

Defendant's second new apron parking argument asserts that the City cannot be held liable for violations of the ADA for its apron parking policy because the California Vehicle Code prohibits apron parking. Although the logic of the argument is unclear, there is no doubt that this argument was not made in Defendant's opening papers and is not responsive to any arguments Plaintiffs made in their opposition.

Finally, Defendant's new argument that there is "no private ADA cause of action for apron parking by others" challenges for the first time on reply the enforceability of the ADA regulations by Plaintiffs and conflates this argument with vague arguments about causation and standing. Certainly none of these arguments were made in Defendant's opening brief. Nor are they responsive to anything argued by Plaintiffs in their opposition. They are simply new arguments that have been reserved for reply so that Plaintiffs have no opportunity to adequately respond. As such, they should be stricken. If they are not stricken and are considered by the Court, fairness requires that Plaintiffs be given the opportunity to respond, as each of these new arguments can be easily refuted.

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

PLAINTIFFS' EX PARTE APPLICATION TO STRIKE PORTIONS OF AMENDED REPLY ISO DEF'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY
*WILLITS ET AL. V. CITY OF LOS ANGELES, ET AL.*, CASE NO. CV 10-05782 CBM (RZx)
4

## CONCLUSION

For each of the foregoing reasons, Plaintiffs respectfully request that the relief sought herein be granted and that the Court either strike those Sections D. 1, 2 and 3 from Defendant's Amended Reply or that Plaintiffs be granted leave to submit a sur-reply to respond to each of those arguments.

Respectfully submitted,

Dated:  April 11, 2012                    SCHNEIDER WALLACE COTTRELL
                                          BRAYTON KONECKY LLP

                                          By:   */s/ Mark T. Johnson*
                                                Mark T. Johnson
                                                Attorneys for Plaintiffs
                                                MARK WILLITS, et al.